[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15913
Non-Argument Calendar

_____

D. C. Docket No. 06-14039-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL LOPEZ-PARADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 26, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Saul Lopez-Parada appeals his 24-month sentence imposed after he pled

guilty to illegally reentering the United States after having been deported. On appeal, he argues that his sentence was unreasonable and that the district court abused its discretion by sentencing him to the statutory maximum sentence, when his advisory guideline range was two to eight months' imprisonment. He further contends that the court improperly relied on criminal conduct, for which he had not been convicted, in imposing his sentence.

We review final sentences for reasonableness, and the defendant has the burden of establishing that the sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "Review for reasonableness is deferential." Id. Following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we held that, in imposing a sentence, the district court first must accurately calculate the defendant's guideline range and, second, must consider the 18 U.S.C. § 3553(a) factors to determine a reasonable sentence. Talley, 431 F.3d at 786. The sentencing court's factual findings may be based upon facts admitted in the guilty plea, undisputed statements in the presentence investigation report ("PSI"), or evidence presented at the sentencing hearing. United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989). Failure to object to the PSI's factual allegations admits those facts for sentencing purposes. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006), cert. denied, __ S. Ct. __ (U.S. Apr. 23, 2007).

In determining whether a sentence is reasonable, the district court should be guided by the factors set forth in § 3553(a). Talley, 431 F.3d at 786. The relevant factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment];
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at 259-61, 125 S.Ct. at 764-66. However, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the 3553(a) factors or to discuss each of the 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather it is sufficient, under Booker, for the district court to acknowledge that "it has considered the defendant's arguments and the factors in section 3553(a)." Talley, 431 F.3d at 786. We have upheld, as reasonable, sentences above the high end of a defendant's advisory guideline range. See United States v. Eldick, 443 F.3d 783 (11th Cir.), cert. denied, 127 S.Ct. 251 (2006); United States v. Valnor,

3

451 F.3d 744 (11th Cir. 2006).

The district court correctly calculated the guideline range, and proceeded to explicitly address several of the § 3553(a) factors. See Talley, 431 F.3d at 786. The court emphasized the rapidity of Lopez-Parada's return after deportation, his immediate arrests for violent and non-violent crimes, and his former membership in one of the most dangerous gangs in the United States. Reasoning that Lopez-Parada's quick return to the United States and crime indicated he did not "get the message" the last time, the court concluded that a more lengthy sentence would be necessary to protect the public, prevent more crimes and get Lopez-Parada's attention. In addition, the court did not err by considering the conduct underlying more recent criminal charges because these factors were never objected to, and thus were deemed admitted. See Wade, 458 F.3d at 1277. In sum, because the court properly considered the § 3553(a) factors in determining that a guideline range sentence was inadequate, and did not impose a sentence greater than the statutory maximum, Lopez-Parada's sentence was not unreasonable. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Lopez-Parada's request for oral argument is denied.