[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 25, 2008
THOMAS K. KAHN
CLERK

No. 07-12471
Non-Argument Calendar

_____

D. C. Docket No. 06-00465-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRINO LOZANO-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 25, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Alejandrino Lozano-Ramirez appeals his 135-month sentence for conspiracy to possess, and possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 21 U.S.C. § 960(b)(1)(B)(ii), 46 U.S.C. §§ 70503(a)(1), 70506(a), (b). He argues the district court erred in denying him a minor role reduction and that his sentence was unreasonable.

Lozano first argues the district court erred in not granting him a mitigating role adjustment. He argues other individuals in the conspiracy had far greater roles than his role, and he did not plan the crime. He claims he was merely a courier and the lowest ranking crew member on the boat. He further maintains that he was not paid a commission for transporting the drugs, nor did he own the drugs, and the district court did not consider his role compared to others on the vessel. He argues other similarly situated defendants received mitigating role reductions, and the district court did not consider this fact. He argues that in the Middle District of Florida, the length of a defendant's sentence is based more on which judge imposes the sentence than an analysis of the defendant's role and the facts of the case, and the district court ignored the disparate sentencing of similar defendants. He argues the district court improperly placed the burden on him to prove he deserved a lesser role. He concludes that by starting the sentencing

calculations at that of an "average" participant, the district court aggravated his role without making the necessary aggravating role findings.

"[We have] long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

The defendant bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. "A trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." *Id.* at 945. The district court does not need to make specific subsidiary factual findings, and, as long as the record supports the decision and the district court resolves any disputed factual issues, a final determination is sufficient. *Id.* at 939-40. The burden is on the defendant to offer evidence at sentencing on an issue that would reduce his offense level, and if he fails to do so, and other evidence does not demonstrate entitlement, we will affirm the district court finding. *See United States v. Wilson*, 884 F.2d 1355, 1356-57 (11th Cir. 1989) (holding defendant failed to meet burden for acceptance of responsibility reduction where he objected in the PSI, but only made arguments at sentencing without offering evidence).

Under U.S.S.G. § 3B1.2, the district court may reduce the offense level by

two points if a defendant is a minor participant in the offense. A minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. The district court uses a two-part test to determine if a defendant is a minor participant. First, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." *De Varon*, 175 F.3d at 945. Relevant conduct includes that "conduct attributed to the defendant in calculating [his] base offense level." *Id.* at 941. "[I]n many cases this method of analysis will be dispositive." *Id.* at 945. "In the drug courier context, . . . the amount of drugs imported is a material consideration in assessing a defendant's role. . . . [and] may be dispositive—in and of itself—in the extreme case." *Id.* at 943. Second, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Id.* at 945. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants. . . . [he must be] less culpable than *most other participants* in [his] relevant conduct." *Id.* at 944. A drug courier may or may not qualify for a minor role reduction. *Id.* at 942.

The district court did not clearly err in denying Lozano a minor role

4

reduction. In light of the substantial amount of drugs involved and Lozano's role as crew member who, among other things, tossed bales of cocaine overboard after the Coast Guard ordered him to stop, we cannot conclude that Lozano's participation was minor. Lozano also failed to present evidence that he was less culpable than most of the other crew members. Additionally, the sentences of other defendants in other cases had no bearing on whether Lozano had a minor role in the relevant conduct.

Lozano also argues the district court's sentence was unreasonable. Lozano claims he only joined the conspiracy to provide support for his family, who live in poverty without government assistance. Lozano maintains that he will leave the country after the end of his prison term. He argues that the district court did not consider that Lozano was from Colombia where there are no government assistance programs, nor did it give meaningful consideration to his argument that he was unlikely to be a recidivist. He claims that the court should have considered Lozano's individual situation, and a lower sentence would have complied with the purposes of § 3553. Additionally, he maintains that a lower sentence was needed to avoid disparity with the sentences of similar defendants.

We review the final sentence imposed by the district court for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007) (per

curiam).  Recently, the Supreme Court  clarified that the reasonableness standard means review of sentences for abuse of discretion.  *Gall v. United States*, 552 U.S. __, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable.  *Gall*, 552 U.S. at __, 128 S. Ct. at 597.  The Supreme Court has explained that a sentence would be procedurally unreasonable if the district court improperly calculated the guideline imprisonment range, treated the Guidelines as mandatory, failed to consider the appropriate statutory factors, based the sentence on clearly erroneous facts, or failed to adequately explain its reasoning.  *Id.*  If the district court made no procedural errors, then we review the substantive reasonableness of the sentence imposed to determine whether the sentence is supported by the 18 U.S.C. § 3553(a) factors.  *Id.* at __, 128 S. Ct. at 600.  The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

There is a "range of reasonable sentences from which the district court may choose." *Id.* at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.* The weight given to particular sentencing factors is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

We have held that a district court is not required to state that it has explicitly considered each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). In addition, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

As indicated above, Lozano only argues that the district court committed substantive error. Upon review of the record, we conclude that the district court did not abuse its discretion when it sentenced Lozano to 135 months' imprisonment. The court considered Lozano's extreme poverty and his good character. However, the sentence the district court imposed implicated a number of other relevant factors, including the facts of the crime, the need for deterrence, and the protection of the public. Lozano fails to show that his sentence was

unreasonable, or that a significant disparity existed with similarly situated defendants. The district court considered the § 3553 factors, and the final sentence was the lowest recommended by the guidelines, well below the statutory maximum of life imprisonment.

Upon review of the record and upon consideration of the briefs of the parties, we find no reversible error.

**AFFIRMED**.