[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11165
Non-Argument Calendar

_____

D. C. Docket No. 06-20628-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN D. FERMIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 16, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Ivan Fermin appeals his 21-month sentence for conspiracy to commit mail

and bank fraud, in violation of 18 U.S.C. § 1349. He contends that the district court incorrectly applied Sentencing Guidelines § 2B1.1 because the court simply relied on Fermin's admissions at the change of plea hearing and the undisputed facts in the presentence investigation report (PSR) in determining the intended loss amount, instead of making its own fact findings.

At sentencing, Fermin's only objection to being sentenced on the basis of the calculated loss amount was that no dollar amount had been included in the indictment and the amount stated in the PSR exceeded the amount mentioned in the plea agreement. He did not argue that the amount stated in the PSR, and which he had admitted to during the plea colloquy, was factually inaccurate. Where a defendant presses on appeal a ground of objection that he did not clearly articulate in the district court, our review is only for plain error. See United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006); United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). To establish plain error, an appealing defendant must show (1) an error (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776 (1993).

At sentencing, the government must prove by a preponderance of the evidence any fact to be considered by the district court, United States v. Duncan,

2

400 F.3d 1297, 1304 (11th Cir. 2005), including the applicability of any guidelines enhancements, United States v. Ndiaye, 434 F.3d 1270, 1300 (11th Cir. 2006). One such fact is the amount of loss to be attributed to the defendant in a fraud case. United States v. Cabrera, 172 F.3d 1287, 1292-94 (11th Cir. 1999). "The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." United States v. Saunders, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003) (quoting United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989)). However, the failure to object to a factual allegation in the PSR constitutes an admission for sentencing purposes, and failure to object to a sentencing court's findings of fact on the specific ground raised on appeal ordinarily precludes us from concluding that the findings were clearly erroneous. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir.), cert. denied, 127 S.Ct. 2096 (2007).

Fermin not only failed to object in the district court to the factual statements contained in the PSR on which the loss calculation was based, he had affirmatively admitted to the loss amount at the plea hearing. The district court discussed the loss amount and, referring to the plea colloquy, explained: "Based upon the factual proffer and the Defendant's admitting to facts as stated by the prosecutor, I

3

find that the 12-level increase under 2(b)1.1(b)(Government) as the intended loss of $317,300 is appropriate in this matter." The district court committed no error, plain or otherwise, when it based its finding as to the amount of the loss on Fermin's explicit admissions in the plea colloquy and on his implicit admissions arising from his attorney's failure to argue at sentencing that the amount stated in the PSR was factually inaccurate.

**AFFIRMED.**