[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13717
Non-Argument Calendar

_____

D. C. Docket No. 07-00140-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYLON BRYANT GREGORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 29, 2009)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Waylon Bryant Gregory appeals his 90-month, within-guidelines sentences

for three counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 2.[1]  He argues that

the district court incorrectly applied the 2-level enhancement for a scheme

involving 10 or more victims, because (1) the finding was based in part on

judicially noticed losses, (2) only 6 victims were found to have sustained losses for

which they were owed restitution, and (3) the government did not prove the

number of victims beyond a reasonable doubt.  He further argues that the district

court erred in applying the two-level enhancement for use of sophisticated means.

I.

A district court must begin the sentencing process by correctly calculating

the applicable guidelines range.  Gall v. United States, 552 U.S. ___, 128 S.Ct.

586, 596, 169 L.Ed.2d 445 (2007).  Likewise, we review the reasonableness of a

sentence in part by "ensur[ing] that the district court committed no significant

procedural error, such as failing to calculate (or improperly calculating) the

Guidelines range."  Id. at ___, 128 S.Ct. at 597.  We review the interpretation and

application of the guidelines de novo and the underlying factual findings for clear

error.  United States v. Foley, 508 F.3d 627, 632 (11th Cir. 2007), cert. denied, 128

S.Ct. 1912 (2008).  Whether a person is a "victim" under the Guidelines is

---

[1]Gregory's guilty plea on two counts of aggravated identity theft, 18 U.S.C. § 1048A, carried a mandatory, consecutive, 24-month penalty, bringing his total sentence to 114 months. This portion of his sentence is not at issue on appeal.

reviewed de novo.  Id.

Where a defendant fails to raise a specific sentencing argument in the district court, we apply the plain error standard.  See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).  To succeed under this standard, the defendant must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), only requires that a jury find facts relevant to sentencing beyond a reasonable doubt when those facts would increase a crime's penalty beyond the statutory maximum.  Otherwise, at the sentencing hearing, the government must prove by a preponderance of the evidence any fact to be considered by the district court, United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005), including the applicability of any guidelines enhancements, United States v. Ndiaye, 434 F.3d 1270, 1300 (11th Cir. 2006).  "The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing."  United States v.

3

<u>Saunders</u>, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003) (quoting <u>United States v. Wilson</u>, 884 F.2d 1355, 1356 (11th Cir. 1989)). When a defendant challenges a fact in the PSI, the government's burden of proof is triggered. <u>United States v. Lawrence</u>, 47 F.3d 1559, 1566 (11th Cir. 1995). Failure to object to an allegation in the PSI constitutes an admission for sentencing purposes, and failure to object to a sentencing court's findings of fact precludes the argument on appeal that the findings were erroneous. <u>United States v. Wade</u>, 458 F.3d 1273, 1277 (11th Cir. 2006).

Guideline § 2B1.1(b)(2)(A)(i) imposes a 2-level increase when the offense involved 10 or more victims. Application Note 1 states, "'Victim' means (A) any person who sustained any part of the actual loss determined under subsection (b)(1); or (B) any individual who sustained bodily injury as a result of the offense." U.S.S.G. § 2B1.1, comment. (n.1). A "person" may be a business as well as an individual. <u>Id.</u> "Actual loss" refers to "the reasonably foreseeable pecuniary harm that resulted from the offense." § 2B1.1, comment. (n.3(A)(i)). The district court may not merely adopt the number of victims in the presentencing investigation report (PSI) without making findings that connect the number of victims to the loss calculation. <u>Foley</u>, 508 F.3d at 633-34. In calculating the amount of loss, the district court is not limited to the loss specifically associated with the charged

4

conduct. Id. at 633. Rather, the loss associated with all relevant conduct may be included in the guidelines calculation. Id.

A fact may be judicially noticed only if it is not subject to reasonable dispute, either because it is generally known within the district court's territorial jurisdiction or because it can be accurately and readily determined using sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). "[T]he taking of judicial notice of facts is . . . a highly limited process" because it bypasses the usual procedural safeguards involved in proving facts through competent evidence. Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997). Courts may take judicial notice of such scientific, historical, and geographical facts as the boundaries of a state or the time of sunset. Id. The doctrine of judicial notice may not be extended to such matters as a person's unofficial conduct, id., or a prediction that would normally rely on expert knowledge, see Fielder v. Bosshard, 590 F.2d 105, 110-11 (5th Cir. 1979).

The number of victims owed restitution was based on the specific counts of conviction, not on all the relevant offense conduct, so it is not the correct measure of victims for purposes of the guidelines enhancement. The PSI listed all persons affected by the relevant conduct; the district court adopted that list without objection by either party. Because 12 of those persons had submitted undisputed

5

evidence that identified specific monetary losses incurred as a result of the relevant offense conduct, Gregory's scheme was properly found to have had 10 or more victims who contributed to the actual loss amount.

To the extent that Gregory challenges the judicial noticing of losses suffered by the other seven persons on the list, we review for plain error. A finding, based on a judge's own professional experience, that the seven persons must have suffered "any number of . . . losses" as a result of Gregory's conduct was not a "fact" appropriate for judicial notice, and the district court committed a plainly obvious error in concluding otherwise. Nevertheless, because the error affected neither Gregory's statutory penalties nor the calculation of his guidelines range, Gregory cannot show that his rights were substantially affected by the error.

Because the number of victims did not increase Gregory's penalty beyond the statutory maximum, the government was not required to prove it beyond a reasonable doubt. Furthermore, because he conceded at sentencing that at least 12 victims had incurred actual losses as a result of the scheme, he is precluded from arguing otherwise on appeal. Accordingly, we cannot say that the district court clearly erred in applying the 2-level enhancement for a scheme involving 10 or more victims.

II.

6

We review for clear error the district court's finding that the defendant used sophisticated means. United States v. Robertson, 493 F.3d 1322, 1329-30 (11th Cir. 2007), cert. denied, 128 S.Ct. 1295 (2008).

Guideline § 2B1.1(b)(9) imposes a two-level increase "[i]f (A) the defendant relocated . . . a fraudulent scheme to another jurisdiction to evade law enforcement . . . ; (B) a substantial part of a fraudulent scheme was committed from outside the United States; or (C) the offense otherwise involved sophisticated means." Application Note 8 explains,

> "[S]ophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

U.S.S.G. § 2B1.1, comment. (n.8(b)).

Gregory's scheme involved acquiring multiple automobile insurance policies, including some on cars that did not belong to him, discontinuing payments once he made claims on them, and using a variety of names, identification information, credit cards, and bank accounts to conceal his identity from the insurance companies. He submitted fraudulently obtained medical information and bills he falsely claimed to have paid. He also submitted falsified

7

employment histories and wage claim forms with the assistance of his girlfriend. He eventually began to obtain stacked coverage and homeowner discounts. We therefore conclude that the district court did not clearly err in finding that this scheme constituted especially complex or intricate conduct.

**AFFIRMED.**