UNITED STATES of America,
Plaintiff–Appellee,

v.

John WILSON, Defendant–Appellant.

No. 88–3836.

United States Court of Appeals,
Eleventh Circuit.

Sept. 14, 1989.

Thomas E. Miller, Tallahassee, Fla., for defendant-appellant.

Michael Simpson, Asst. U.S. Atty., Kenneth W. Sukhia, Tallahassee, Fla., for plaintiff-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and PITTMAN *, Senior District Judge.

VANCE, Circuit Judge:

John Wilson was arrested on March 26, 1988 in connection with the seizure of approximately 420 grams of crack cocaine. Law enforcement authorities observed Wilson and a co-defendant, Otis Thompson, arrive at an apartment in Tallahassee which was used for crack dealing. After Wilson unsuccessfully attempted to contact the persons in the apartment, he kicked a hole in a flower bed in front of one of the apartments and Thompson buried a cookie bag containing the crack. The two returned later with co-defendant Michelle Pierce, and Wilson gave the crack to Pierce. Law enforcement authorities stopped Pierce and seized the cookie bag which contained 420 grams of crack cocaine. Wilson and Thompson were arrested soon thereafter.

Appellant was convicted of possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841 and conspiracy to possess

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846. The sentencing court determined that Wilson's base offense level was 36. This level requires 500 grams or more of cocaine base. In establishing Wilson's base offense level, the sentencing court relied on testimony by Wilson's co-defendants to the effect that the cocaine seized was only one of a number of shipments and that the total amount of cocaine involved in the conspiracy was well in excess of 500 grams. Wilson was sentenced under the federal sentencing guidelines to a two-hundred ten month period of imprisonment and service of a five-year period of supervised released with a special $100 monetary assessment. On appeal Wilson challenges only his sentence. Finding no error, we affirm.

## I.

■ Appellant first contends that the district court erred in finding that he had not accepted responsibility for his criminal conduct. Under the guidelines the offense level is to be reduced by two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense of conviction...." Guidelines § 3E1.1.[1]

The following procedure is to be followed in applying the sentencing guidelines to each defendant. The probation officer prepares a presentence report which recommends a sentencing range. This sentencing range is computed by establishing the base offense level and applying appropriate guidelines sections that either increase or reduce this offense level. The government and the defendant each have an opportunity to make objections to this report. The district court then holds a sentencing hearing, makes findings of fact as to disputed issues, and sentences the defendant. The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing.

In this case the presentence report concluded that defendant had not fully accepted responsibility for his actions. The defendant objected to this section of the report. At the sentencing hearing defendant's counsel argued that defendant's plea negotiations demonstrated acceptance of responsibility but offered no evidence that would establish his qualification for a reduction under this section. The presentence report concluded that Wilson had not accepted responsibility. The sentencing court agreed and found that appellant had not accepted responsibility for his conduct. The sentencing court's determination in this regard "is entitled to great deference." *United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir.1989). The guidelines contemplate that the government has the burden of proving the applicability of sections which would enhance the offense level and the defendant has the burden of proving the applicability of guideline sections which would reduce the offense level. This conclusion is supported by the following language of guideline section 3E1.1: "[i]f the defendant *clearly demonstrates* a recognition and affirmative acceptance of personal responsibility for the offense of conviction, reduce the offense level by two levels...." Because at sentencing defendant offered no evidence of acceptance of responsibility and the evidence at trial did not clearly demonstrate such an acceptance, defendant simply failed to meet his burden of proof

---

**1.** The application notes to section 3E1.1 include the following as factors in determining whether a defendant qualifies for a reduction under this provision:

(a) voluntary termination or withdrawal from criminal conduct or associations;

(b) voluntary payment of restitution prior to adjudication of guilt;

(c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during the commission of the offense; and

(g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

and we must affirm the finding of the district court.

## II.

■ Appellant next challenges the calculation of his base offense level. Approximately 420 grams of cocaine base were seized on the date of appellant's arrest. The offense level for this quantity of cocaine under the guidelines is 34. The sentencing court set appellant's base offense level at 36. This offense level requires 500 grams or more of cocaine base. In using a higher offense level, the court relied on testimony of Wilson's co-defendants that the cocaine seized was only one in a number of shipments involved in the conspiracy.

The guidelines direct that, in an offense which requires the grouping of multiple counts, specific offense characteristics are to be determined on the basis of "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Guidelines § 1B1.3(a)(2). The commentary that accompanies § 1B1.3 explains that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Because the court found that the crack involved in the other shipments was part of the same course of conduct as that for which appellant was convicted, it was proper to include it in calculating his base offense level.

Appellant argues that the testimony of his co-defendants was insufficient in proof and reliability to provide a basis for increasing his base offense level. Whether there was an adequate evidentiary basis for determining that the additional amount of crack involved in the conspiracy was at least 80 grams is reviewed under the clearly erroneous standard. *See United States v. Sarasti,* 869 F.2d 805 (5th Cir.1989). Testimony at trial by appellant's co-defendants indicated that appellant had been involved in numerous other distributions and had distributed well in excess of 80 grams in addition to the amount seized on the day he was arrested. Appellant himself admitted transporting cocaine on two different occasions. Accordingly, the finding of the district court has not been shown to be clearly erroneous.

The judgment of the district court is AFFIRMED.