[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2011
JOHN LEY
CLERK

_____

No. 09-13787
Non-Argument Calendar

_____

D. C. Docket No. 08-00297-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA VALADEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 28, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After a jury trial, Maria Valadez appeals her 51-month total sentence for

transporting illegal aliens for profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii); immigration document fraud, in violation of 18 U.S.C. § 1546(a); sale of false social security cards, in violation of 42 U.S.C. § 408(a)(7)(C); and conspiracy to commit all three offenses, in violation of 18 U.S.C. § 371. Valadez's sole argument on appeal is that the district court erred in imposing a four-level leader/organizer role enhancement. After review, we affirm.[1]

Under U.S.S.G. § 3B1.1(a), a defendant's offense level is increased by four levels if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive . . . ." U.S.S.G. § 3B1.1(a). For the four-level enhancement to apply, the government must show that: (1) the defendant's role rose to the level of being an organizer or leader; and (2) the conspiracy involved five or more people or was otherwise extensive. United States v. Martinez, 584 F.3d 1022, 1026 (11th Cir. 2009).

On appeal, Valadez does not dispute that she was a leader or organizer in the migrant-worker conspiracy. Valadez contends that the conspiracy lacked the requisite five or more participants and that the government failed to prove that the

_____

[1]We review for clear error a district court's determination of the defendant's role as an organizer or leader. United States v. Rendon, 354 F.3d 1320, 1331 (11th Cir. 2003). We will not find clear error unless "we are left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation marks omitted). Given that, at sentencing, Valadez objected to the application of the four-level leader/organizer enhancement in U.S.S.G. § 3B1.1(a), we reject the government's argument that Valadez invited the alleged error.

conspiracy was "otherwise extensive." Because we conclude that the government presented sufficient evidence that at least five people were involved in the conspiracy, we do not address whether the conspiracy was otherwise extensive.

For purposes of counting the number of participants in the conspiracy, a "'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1; see also United States v. Njau, 386 F.3d 1039, 1041 (11th Cir. 2004) (concluding that the manner of certain individuals' assistance in distributing counterfeit social security cards evidenced their knowledge of the scheme and made them "participants" for sentencing purposes). The defendant is included among the five participants. United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994).

Here, the trial record and the undisputed facts in the Presentence Investigation Report ("PSI") demonstrated that Valadez's conspiracy involved at least five participants who knowingly engaged in illegal activities such that they could be held criminally responsible. In addition to Valadez herself, there was Jose Mendez, who assisted Valadez with multiple tasks, including meeting with illegal migrant workers, placing them in homes, driving them to work and collecting money; Freddy Ramos, who transported the illegal migrant workers; and Oscar Lopez-Cruz, who procured counterfeit identification documents for the

3

illegal migrant workers. The PSI identified a fifth individual, named "Rigo," who also helped procure counterfeit documents.[2]

Valadez argues that she never met one of the participants, Lopez-Cruz, the man to whom she sent migrant workers for fraudulent documents. The fact that some conspirators may not have known each other or Valadez directly is immaterial. See United States v. Taylor, 17 F.3d 333, 337 (11th Cir. 1994) (explaining that "[i]n finding a single conspiracy, there is no requirement that each conspirator participated in every transaction, knew the other conspirators, or knew the details of each venture making up the conspiracy").

United States v. Martinez, upon which Valadez relies, is distinguishable. In Martinez, the defendant pled guilty and disputed facts in the PSI for which the government did not present any evidence at the sentencing hearing. 584 F.3d at 1024-25. Valadez, unlike the defendant in Martinez, proceeded to trial, where the government presented evidence of her role in the offense, and she testified on her own behalf. Valadez's PSI, in turn, relied upon the trial evidence, and additional witness interviews, to support the leader/organizer enhancement. See United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989) (explaining that sentencing

---

[2]Although on appeal Valadez challenges the inclusion of Rigo, she did not object to any of the facts in the PSI that support his inclusion. Thus, Valadez admitted, for sentencing purposes, that Rigo was a co-conspirator. See United States v. Beckles, 565 F.3d 832, 844 (11th Cir.), cert. denied, 130 S. Ct. 272 (2009)

court may rely upon evidence heard at trial, facts admitted in defendant's guilty plea, undisputed statements in PSI or evidence presented at sentencing hearing). Further, Valadez did not object to the PSI's factual statements.

We find no merit to Valadez's argument that the district court had a duty to make explicit findings as to the identity of the five participants. This Court has concluded that "[i]n making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings. So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc) (citations and emphasis omitted) (involving mitigating-role reduction under U.S.S.G. § 3B1.2).

Accordingly, the district court did not clearly err in applying the four-level leader/organizer role enhancement.

**AFFIRMED.**