[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11599
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20707-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE HORTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Rene Horta appeals his 70-month total sentence, imposed after he pleaded

guilty to 1 count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and 88 counts of bank fraud, in violation of 18 U.S.C. § 1344(1). Horta argues that the district court erred in calculating the intended loss under the sentencing guidelines. We *sua sponte* raise the issue of a clerical error in Horta's judgment and commitment order.

## I.

Horta argues that the district court erred in calculating the amount of intended loss because the government presented no reliable or specific evidence at the sentencing hearing, instead relying on information already presented to the court and the government's proffer.

Normally, "a district court's determination regarding the amount of loss for sentencing purposes is reviewed for clear error." *United States v. Medina*, 485 F.3d 1291, 1303 (11th Cir. 2007) (quotation omitted). However, where a defendant fails to clearly articulate the grounds for an objection or fails to raise a specific sentencing argument in the district court, this Court applies the plain error standard. *See United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006) (addressing the clarity of an objection to the guidelines calculation). To succeed on this point, Horta must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of

judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). For an error to affect substantial rights, it generally "must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* at 734, 113 S.Ct. at 1778.

At sentencing, the government must prove by a preponderance of the evidence any fact to be considered by the district court, *United States v. Duncan*, 400 F.3d 1297, 1304 (11th Cir. 2005), including the applicability of any guidelines enhancements, *United States v. Ndiaye*, 434 F.3d 1270, 1300 (11th Cir. 2006). When a defendant challenges a fact in the presentence report, the government's burden of proof is triggered. *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995). The burden must be satisfied with "reliable and specific evidence." *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997). "The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). Failure to object to an allegation in the presentence report constitutes an admission for sentencing purposes, and failure to object to a sentencing court's findings of fact precludes the argument on appeal that the findings were erroneous. *United States v. Wade*, 458 F.3d 1273, 1277

3

(11th Cir. 2007).

Under U.S.S.G. § 2B1.1(b)(1)(L), the defendant's offense level is enhanced by 22 levels if the loss was between $20 million and $50 million. The amount is either the actual loss or the intended loss, whichever is greater. U.S.S.G. § 2B1.1(b)(1), comment. (n.3(A)). "'Actual loss' means the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1, comment. (n.3(A)(i)). On the other hand, "intended loss" is the monetary harm "that was intended to result from the offense." *Id.*, comment. (n.3(A)(ii)). Overall, the district court needs only to make a reasonable estimate of the loss amount. U.S.S.G. § 2B1.1, comment. (n.3(A)(ii)).

Because he did not explicitly object to the reliability and specificity of the evidence underlying the court's findings, Horta's challenge to the reliability and specificity of the evidence at sentencing is reviewed for plain error. We conclude that the district court's findings were not plainly erroneous and its determination of intended loss under U.S.S.G. § 2B1.1 was supported by a body of undisputed, reliable, and specific evidence. The district court made clear that its consideration of intended loss included Horta's conduct and was not solely reliant on the face value of the checks. Because Horta failed to present any countervailing evidence as to intended loss, the district court was "especially justified in including the

4

checks' full face value in its intended loss calculation." *United States v. Grant*, 431 F.3d 760, 765 (11th Cir. 2005). Therefore, the district court committed no plain error in setting the amount of intended loss at $23,499,921.

## II.

This Court may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors. *See Massey*, 443 F.3d at 822 (remanding with directions to the district court to correct the clerical errors where the statute cited in the judgment and commitment order was incorrect). Furthermore, "[i]t is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment." *United States v. Diaz*, 190 F.3d 1247, 1252 (11th Cir. 1999).

The indictment and judgment reference a violation of 18 U.S.C. § 1349, conspiracy to commit bank fraud, for Count 1. However, the indictment includes 88 counts of bank fraud, in violation of 18 U.S.C. § 1344, while the judgment erroneously labels these 88 counts of bank fraud as additional conspiracy violations. It is clear from the plea hearing that Horta pled to all counts listed in the indictment and that, therefore, the reference to the 88 counts of conspiracy was an error. Those 88 counts should be listed as bank fraud, under § 1344. Because

5

the error in the judgment is clerical, we vacate and remand for the limited purpose of correcting the error.

Upon review of the record and consideration of the parties' briefs, we affirm Horta's sentence, but we vacate and remand to the district court with directions to correct the clerical error contained in Horta's judgment and commitment order.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**[1]

---

[1] Horta's request for oral argument is DENIED.