[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11753
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cr-00012-WTM-JEG-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE IGNACIO BUSTOS-NUNEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

(February 8, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Jose Ignacio Bustos-Nunez appeals his 51-month sentence for conspiracy to possess with intent to distribute approximately 186 pounds of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. After review, we affirm.

## I. BACKGROUND

On appeal, Bustos-Nunez argues that the district court erroneously applied a three-level managerial-role enhancement, pursuant to U.S.S.G. § 3B1.1(b), without first resolving disputed factual portions of the Presentence Investigation Report ("PSI").[1] See Federal Rule of Criminal Procedure 32(i)(3)(B). The fatal problem for Bustos-Nunez is that he admitted certain facts in his plea hearing and did not challenge other recounted facts in the PSI. Those undisputed facts, taken together, are sufficient to support the role enhancement. We explain why.

### A. Role Enhancement

The issue involves a managerial-role enhancement under U.S.S.G.

---

[1]Rule 32(i)(3)(B) provides:
At sentencing, the court:

  . . .

(B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; . . . .
Fed. R. Crim. P. 32(i)(3)(B).

§ 3B1.1(b), which provides the defendant's offense level is increased by three levels if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). To qualify for the enhancement, the defendant need only manage or supervise one other participant. Id. § 3B1.1, cmt. n.2. Defendant Bustos-Nunez has never disputed that the marijuana conspiracy had at least five participants. We thus turn to the other undisputed facts in the plea hearing.

**B. Plea Hearing**

Defendant Bustos-Nunez and five codefendants—Juan Cano, Marco Rivera, German Ortega-Flores, Gabriel Sanchez-Cervantes and Gabriel Sanchez-Gomez—were charged with conspiring to possess 186 pounds of marijuana with the intent to distribute. Defendant Bustos-Nunez pled guilty pursuant to a plea agreement.

At the plea hearing, the government called Agent Stephen B. Tinsley of the Drug Enforcement Agency ("DEA") to testify as to the factual basis for Bustos-Nunez's plea. Agent Tinsley testified that the DEA investigated a marijuana distribution scheme led by Pedro Bustos, Defendant Bustos-Nunez's brother. While conducting surveillance of a residence in Nicholls, Georgia, agents observed Defendant Bustos-Nunez walking around a 53-foot trailer. The next day, "occupants and other codefendants" unloaded at least 186 pounds of marijuana,

3

which was subsequently broken down and repackaged for delivery.  After the surveillance, agents conducted a traffic stop and seized 176 pounds of marijuana in a vehicle driven by Defendant Bustos-Nunez.

According to Agent Tinsley, the DEA's investigation showed that Defendant Bustos-Nunez "was the person who was in charge of the distribution of this particular load of marijuana as far as related to his other codefendants." Agent Tinsley explained that Defendant Bustos-Nunez "was sent here by his brother's organization to oversee the unloading and the repackaging, and making sure that it got distributed through other codefendants to the right people, and then Mr. Nunez was supposed to be in charge of collecting the drug proceeds to be sent back to Mexico."

When the district court asked Defendant Bustos-Nunez whether he agreed with Agent Tinsley's testimony, Bustos-Nunez replied, "Yes, Your Honor."  Thus, Bustos-Nunez's admitted facts in the plea hearing are sufficient to support the role enhancement, but there is more.

## C.    PSI's Factual Summary

The PSI contained this factual summary about Defendant Bustos-Nunez's offense conduct.  While he objected to certain statements, he did not object to the following facts.

4

First, DEA agents placed the residence in Nicholls, Georgia under surveillance after receiving information that it was being used to store drugs. Then, on April 7, 2010, agents noticed a 53-foot car-hauler parked near the rear door of the residence. Throughout the night, agents saw several people look at and touch the front of the car hauler.

The next day, agents watched a Jeep Cherokee leave the residence after a bag was loaded into it. Later, the Jeep Cherokee returned to the residence, another bag was loaded into the vehicle, and it departed again. Codefendant Rivera drove the Jeep Cherokee, and codefendant Ortega-Flores was a passenger. As agents initiated a traffic stop, Rivera used his cell phone. Once the Jeep Cherokee was stopped, agents searched the vehicle and found ten pounds of marijuana.

Approximately one hour later, agents watched as Defendant Bustos-Nunez exited the Nicholls residence, loaded a suitcase and four garbage bags into the trunk of a Nissan Altima, and departed. Agents performed a traffic stop on the Defendant Bustos-Nunez's Nissan Altima, searched the vehicle and found 176 pounds of marijuana.

Back at the residence, agents saw codefendants Sanchez-Cervantes and Sanchez-Gomez working on the car-hauler and putting a compartment back together. A subsequent inspection of the car-hauler revealed it was constructed

5

with hollow tubing that had been used to store the marijuana. Inside the residence, agents found packing materials, such as plastic wrap, tape, bags and scales.

Later, codefendant Cano admitted that codefendant Sanchez-Gomez recruited him to transport the marijuana between Georgia and Texas using a Dodge truck and the car-hauler. Sanchez-Gomez admitted that he was acting at the direction of Defendant Bustos-Nunez's brother in Mexico. Sanchez-Gomez also admitted helping Defendant Bustos-Nunez and Ortega-Flores unload the marijuana from the car-hauler.

Once the marijuana was inside the residence, Defendant Bustos-Nunez and Ortega-Flores transferred the marijuana into separate bags. While Sanchez-Gomez and his son, Sanchez-Cervantez, were outside fixing the car-hauler, Defendant Bustos-Nunez left the residence, put a bag containing money in a Nissan truck and drove away. Sanchez-Gomez later learned that Defendant Bustos-Nunez had received a call advising him to leave the residence because codefendants Rivera and Ortega-Flores had been stopped by law enforcement.

In a subsequent interview, Ortega-Flores stated that Defendant Bustos-Nunez asked him to pick up a Jeep Cherokee in Atlanta and transport it to "someone to take somewhere," then later instructed Ortega-Flores to drive the Jeep Cherokee to the Nicholls, Georgia residence where Rivera placed a bag in the

car.  Bustos-Nunez then told Ortega-Flores to await further instructions from him (Bustos-Nunez).

**D.     Disputed Factual Portions of the PSI**

The PSI did recount statements of codefendants Rivera and Sanchez-Gomez to which Defendant Bustos-Nunez objected.  Specifically, the PSI alleged that: (1) Sanchez-Gomez stated he learned Defendant Bustos-Nunez was locally in charge of overseeing the unloading and safekeeping of the marijuana as well as collecting the money; and (2) Rivera stated that Defendant Bustos-Nunez instructed Rivera to travel to the Jacksonville, Florida airport to pick up Sanchez-Cervantes and Sanchez-Gomez and that Rivera believed codefendant Ortega-Flores was working under Defendant Bustos-Nunez's direction.

**E.     Section 3B1.1(b) Role Enhancement**

The PSI recommended that Defendant Bustos-Nunez receive a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for his role as a manager or supervisor of the marijuana conspiracy.  Defendant Bustos-Nunez filed a written objection challenging the § 3B1.1(b) role enhancement.  The written objection did not dispute most of the PSI's offense conduct, but did dispute the above-recounted statements of Sanchez-Gomez and Rivera.  However, the written objection did not dispute Ortega-Flores's statement that he was following Defendant Bustos-

7

Nunez's instructions to drive a Jeep Cherokee to pick up Rivera, who loaded a bag into the vehicle.

## F.    Sentencing Hearing

At sentencing, the district court overruled Bustos-Nunez's objection to the role enhancement, stating that it agreed with the PSI. The district court calculated the advisory guidelines range of 51 to 63 months and allowed Bustos-Nunez to allocute. Defense counsel made arguments in mitigation and asked for a sentence at the low end of the guidelines range. The district court then asked defense counsel whether there was "anything else." Defense counsel said no.

After imposing a 51-month sentence, the district court asked defense counsel whether there was any other objection to the court's "findings of fact, conclusions of law, or manner in which the sentence was pronounced," and defense counsel again said no. Bustos-Nunez filed this appeal.

## II.  DISCUSSION

At sentencing, the government must prove by a preponderance of the evidence the facts supporting any guidelines enhancements. United States v. Ndiaye, 434 F.3d 1270, 1300 (11th Cir. 2006). The defendant's failure to object to a factual allegation in the PSI constitutes an admission for sentencing purposes. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006). Thus, the

sentencing court may rely on undisputed statements in the PSI "despite the absence of supporting evidence." United States v. Lopez-Garcia, 565 F.3d 1306, 1323 (11th Cir. 2009).

If, on the other hand, the defendant objects to factual statements in the PSI, the government's burden to prove those disputed facts is triggered. United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995). Under Rule 32(i)(3)(B), the district court must then "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). In resolving the factual dispute, the district court may consider the defendant's admissions at the plea hearing. See United States v. Martinez, 584 F.3d 1022, 1027 (11th Cir. 2009); Lawrence, 47 F.3d at 1568; United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989).

Here, Bustos-Nunez's written objection did dispute some of the PSI factual allegations relating to Bustos-Nunez's role in the offense, specifically the statements of codefendants Rivera and Sanchez-Gomez. At sentencing, the district court did not resolve the factual dispute. However, any alleged error in that regard was harmless because undisputed facts amply supported the district court's finding that Bustos-Nunez managed or supervised at least one participant

9

in the marijuana conspiracy.[2]

First, at his plea hearing, Bustos-Nunez admitted that: (1) he was sent to Nicholls, Georgia "by his brother's organization to oversee the unloading and the repackaging, and making sure that it got distributed through other codefendants to the right people," and (2) he "was the person who was in charge of the distribution of this particular load of marijuana as far as related to his codefendants."

Second, Bustos-Nunez did not object to the statements of Ortega-Flores in the PSI, which showed: (1) Bustos-Nunez directed him to drive a vehicle to Nicholls, Georgia, where codefendant Rivera placed a bag inside, and (2) then Bustos-Nunez told Ortega-Flores to await further directions. According to other undisputed facts in the PSI, Rivera and Ortega-Flores were under surveillance at the time. When agents initiated a traffic stop, they discovered that the bag contained ten pounds of marijuana. These undisputed facts show that, at a minimum, Bustos-Nunez supervised Ortega-Flores, one of the conspiracy's participants.

---

[2]We note that at the sentencing hearing the district court indicated that Bustos-Nunez's objection to the § 3B1.1(b) role enhancement was a legal objection, not a factual one. Bustos-Nunez had at least two opportunities to correct the district court or raise a Rule 32(i)(3)(B) objection, but did not do so. Thus, there is a question as to whether Bustos-Nunez properly preserved this issue. In any event, we need not reach this issue because the failure to resolve these disputes is harmless given other facts, which Bustos-Nunez did not dispute, support the role enhancement.

For these reasons, we find no reversible error in the district court's imposition of the three-level managerial-role enhancement pursuant to U.S.S.G. § 3B1.1(b). We affirm Bustos-Nunez's 51-month sentence.

**AFFIRMED.**