[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15085
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20061-MGC-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO PENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2013)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Alberto Peña appeals his 24-month sentence for possession with intent to distribute less than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). Peña pled guilty to possession with intent to distribute marijuana and explicitly admitted in his factual proffer that "[t]he total weight of the marijuana buds was over fifty kilograms," there were an additional 31 plants, and he "knowingly possessed with intent to distribute over fifty kilograms of marijuana." On appeal, Peña contends the district court erred by (1) relying on the wet, not dry, weight of the marijuana for sentencing purposes, and (2) finding he was not entitled to a minor role-reduction based on his argument that, like several codefendants who received the reduction, Peña was only a harvester. After review, we affirm Peña's sentence, but remand for the limited purpose of correcting a clerical error in the written judgment.

*Weight of Marijuana*

We review a district court's factual determination of the quantity of drugs properly attributable to a defendant for clear error. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). When a defendant objects to a factual finding that the district court used in calculating his sentence, such as a drug amount, "the government bears the burden of establishing the disputed fact by a preponderance of the evidence." *Id.* "The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty,

undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

The district court did not clearly err in its determination that Peña was responsible for 50 to 60 kilograms of marijuana. Peña filed a factual proffer in which he expressly admitted he knowingly possessed with intent to distribute over 50 kilograms of marijuana. *See Wilson*, 884 F.2d at 1356. Prior to taking Peña's plea, the district court asked him if he still wanted to enter a plea knowing its determination as to the weight of marijuana. Peña elected to continue with his plea knowing it included a stipulation to the weight of the marijuana, and allowed the Government to provide his signed plea agreement and factual proffer to the court. Thus, Peña admitted to possession of more than fifty kilograms of marijuana and cannot now contest that amount.

*Minor-Role Reduction*

We review the district court's determination of whether a defendant qualifies for a minor-role adjustment under the Guidelines for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The defendant bears the burden of proving by a preponderance of the evidence that his role was minor. *Id.* at 939. Section 3B1.2(b) of the Sentencing Guidelines provides that, if the

3

defendant was only a minor participant in the criminal activity, his total offense level is decreased by two levels. U.S.S.G. § 3B1.2(b).

The district court's determination that Peña was not entitled to a minor-role reduction was not clearly erroneous.  Peña was held accountable only for the marijuana found in the grow house that he admitted to possessing with an intent to distribute; therefore, his role was not minor in relation to the relevant conduct for which he was held accountable.  *See De Varon*, 175 F.3d at 941 ("[T]he district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level."). Moreover, Peña did not establish that he was less culpable than the other participants in the conspiracy.  *See id.* at 944 ("[T]he district court must determine that the defendant was less culpable than *most other participants* in [his] relevant conduct.").  Although Peña claims he was only as culpable as the codefendants who received a minor-role reduction for being harvesters, the record supports the district court's conclusion that Peña was engaged in more activity benefitting the conspiracy than his codefendants.

*Clerical Error*

"We may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors.  *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006)."   Here, the judgment correctly lists

4

the offense of conviction as Count "2," but incorrectly describes the offense as conspiracy to possess with intent to distribute less than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846.  Count Two of the indictment charged Peña with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and the plea agreement is clear that Peña intended to plead guilty to Count Two.  Accordingly, we remand for the limited purpose of correcting the clerical error.

**AFFIRMED IN PART, REMANDED IN PART FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.**