[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14156
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00075-JSM-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO JIMENEZ-DELGADO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 10, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Roberto Jimenez-Delgado appeals his sentence of 33 months of imprisonment, following his pleas of guilty to conspiring to transport illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(v)(1), transporting illegal aliens, id. § 1324(a)(1)(A)(ii), (B)(1), 18 U.S.C. § 2, reentering the United States illegally, 8 U.S.C. § 1326(a), and entering the United States at a time or place other than as designated by immigration officials, id. §§ 1325(a)(1), 1329.  Jimenez-Delgado challenges the enhancement of his sentence for managing five or more people in the conspiracy. We affirm.

The district court did not clearly err by enhancing Jimenez-Delgado's sentence for his managerial role in the conspiracy to transport illegal aliens.  A defendant is subject to a three-level increase in his offense level if he is a "manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."  United States Sentencing Guidelines Manual § 3B1.1(b) (Nov. 2011).  Evidence presented at Jimenez-Delgado's change of plea and sentencing hearings established that he exercised control and decision-making authority over at least seven participants in the Calixto alien smuggling organization; transported aliens after they were smuggled into the United States; and recruited participants to join the organization.  See id. cmt. n.4.  During his change of plea hearing, Jimenez-Delgado admitted to managing the transportation of illegal aliens from Alabama to Florida; directing his

2

wife to verify with him what fee to collect from each alien; attempting to recruit his neighbor's husband to drive vehicles for the organization; and using the neighbor instead to transport the aliens. See United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989) ("The findings of fact of the sentencing court may be based on . . . facts admitted by a defendant's plea of guilty . . . or evidence presented at the sentencing hearing."). At the sentencing hearing, Robert Vadasz, an agent of the United States Border Patrol, identified by name seven participants whom Jimenez-Delgado supervised in the organization; recounted statements made by Jimenez-Delgado's wife and neighbor that he coordinated the destinations and routes of the drivers and directed what fee to collect from the aliens and where to deliver the proceeds; and testified that Jimenez-Delgado relocated a third participant in his "transportation cell" to Arizona to lengthen the route for his transportation cell and "make extra money per alien." Jimenez-Delgado argues, for the first time on appeal, that the district court should not have relied on Agent Vadasz's hearsay testimony "about things Mr. Jimenez-Delgado allegedly said to third-parties" in the presence of his wife and neighbor, but the agent's testimony has "sufficient indicia of reliability" to be considered at sentencing, United States v. Ghertler, 605 F.3d 1256, 1269 (11th Cir. 2010). Agent Vadasz interviewed Jimenez-Delgado's wife and neighbor and their accounts were consistent with Jimenez-Delgado's admissions about his role in the smuggling organization.

3

We **AFFIRM** Jimenez-Delgado's sentence.

4