[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14388
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00224-ODE-GGB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO GOMEZ-MARTINEZ,
a.k.a. Manny,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 20, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Pedro Gomez-Martinez ("Gomez") appeals his 150-month sentence for conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, at least 5 kilograms of cocaine, and a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and (viii), 841(b)(1)(D), and 846.  On appeal, Gomez contends that the district court clearly erred in imposing a two-level aggravating role enhancement under U.S.S.G. § 3B1.1(c) and that his 150-month sentence is substantively unreasonable.  After review, we affirm.

## I.  AGGRAVATING ROLE

The district court did not clearly err in imposing the § 3B1.1(c) two-level increase in Gomez's offense level.[1]  Under § 3B1.1, a defendant is subject to a three-level increase if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(b).  The defendant is subject to a two-level increase, however, "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" and he does not qualify for a higher increase under § 3B1.1(b).  Id. § 3B1.1(c).

---

[1]We review for clear error a district court's factual findings as to the defendant's aggravating role in the offense.  United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005).

2

Factors considered in assessing a defendant's role include "the exercise of decision making authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." Id. § 3B1.1, cmt. n.4. These factors "are merely considerations for the sentencing judge," and need not all be present. United States v. Martinez, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation marks omitted). To impose an aggravating-role increase, "there must be evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity." Id.; U.S.S.G. § 3B1.1, cmt. n.4.

Here, Gomez's admissions during his plea colloquy and the undisputed facts in the presentence investigation report ("PSI") support the district court's finding that Gomez was a manager or supervisor. See United States v. Beckles, 565 F.3d 832, 843-44 (11th Cir. 2009) (explaining that the sentencing court may base its factual findings upon undisputed statements in the PSI, including conclusory statements); United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989) (stating that the sentencing court's fact findings may be based on "facts admitted by a defendant's plea of guilty").

Specifically, according to the PSI, Gomez and his brother Alberto were part of a Mexico-based drug trafficking and money-laundering organization that transported drugs through Brownsville, Texas to places such as Atlanta, Georgia, Tallahassee, Florida, and Chicago, Illinois.  Alberto handled drug distribution in the Atlanta area and collected and transported the drug proceeds back to Mexico. Gomez, meanwhile, managed drug distribution in Knoxville, Tennessee.  Jose Patino Gutierrez, a courier recruited by Alberto, transported drugs from Atlanta to Gomez in Knoxville and returned to Atlanta with Gomez's drug proceeds.

Importantly, paragraph 20 of the PSI, to which Gomez did not object, explicitly states Gomez "managed the distribution of drugs to his customers, including accepting deliveries of drugs from Patino and directing Patino while Patino waited for the drug proceeds to be returned to Georgia."  Moreover, the PSI's summary of recorded telephone conversations between Gomez and Alberto demonstrates that Gomez and Alberto frequently discussed Patino's activities for the drug trafficking organization and that Gomez made decisions regarding the drug quantities, pricing, and timing of drug deliveries to Knoxville, as well as who would deliver the drugs and to where.  Further, according to the factual proffer in support of Gomez's guilty plea, Patino, after delivering drugs to Gomez, waited in Knoxville for five days before returning to Atlanta with the proceeds of Gomez's drug sales.

4

These undisputed facts show that Gomez was fully in charge of the conspiracy's drug distribution in Knoxville and exerted some control and decision-making authority over Patino with regard to his trips to and from Knoxville. These facts are sufficient to support the district court's imposition of the two-level increase under U.S.S.G. § 3B1.1(c). The fact that Gomez may have been subordinate to his brother in the conspiracy does not mean that Gomez was not also a manager or supervisor of Patino. See United States v. Jones, 933 F.2d 1541, 1546-47 (11th Cir. 1991) (rejecting defendant's argument that he could not be a manager or supervisor if he was subordinate to another participant in the drug conspiracy because the defendant coordinated and managed the delivery and transportation of drugs).

## II.  SUBSTANTIVE REASONABLENESS

We review the reasonableness of a sentence under the deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances.[2] We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence

---

[2]Apart from the aggravating role calculation addressed above, Gomez does not identify any procedural error at his sentencing.

5

that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted). The party challenging the sentence bears the burden to show that it is unreasonable in light of the record and the § 3553(a) factors. Id. at 1189.[3]

Gomez has not shown that his 150-month sentence, 18 months below the advisory guidelines range of 168 to 210 months, is substantively unreasonable. As the district court noted, Gomez played a significant role in the drug conspiracy by managing the drug-trafficking organization's distribution in Knoxville, and Gomez was responsible for 71 kilograms of cocaine, a substantial amount of drugs. The district court varied downward by 18 months based on several "personal factors," including Gomez's early cooperation with the government, his history of employment and paying taxes, and his genuine remorse. The district court was unwilling to vary downward to the mandatory-minimum 120-month sentence requested by Gomez, however, citing the need to protect the public, to punish Gomez, and to deter Gomez and others.

---

[3]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Gomez contends the district court did not properly weigh the nature and circumstances of his offense or the need for the sentence to reflect the seriousness of his offense, arguing that he was merely a low-level member of the drug conspiracy. Given the undisputed facts, we agree with the district court's assessment of the significance of Gomez's role in the conspiracy and the seriousness of his offense. In any event, we do not second guess the district court's weighing of each factor if the ultimate sentence is reasonable in light of all the circumstances presented. See United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010). Considering the circumstances of Gomez's case, we cannot say the district court's refusal to vary further downward was an abuse of discretion.

**AFFIRMED.**