[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10337
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60244-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD RIVERA-LOPEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 16, 2019)

Before WILSON, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Donald Rivera-Lopez appeals his 30-month sentence for illegally reentering the United States after previously being removed. He argues that his sentence was substantively unreasonable because the district court failed to adequately consider his political asylum claim as a mitigating factor and because the court should have given that claim more weight. Finding no abuse of discretion, we affirm.

**I**

Rivera-Lopez pleaded guilty to one count of being found in the United States after having been previously removed, in violation of 8 U.S.C. § 1326(a) and (b)(2). Rivera-Lopez, a Nicaraguan national, has been removed from the United States on three prior occasions. He also has three prior felony convictions for grant theft. At his sentencing hearing, Rivera-Lopez sought a variance from the recommended Sentencing Guidelines range of 27 to 33 months' imprisonment. He argued that he had been forced to leave Nicaragua due to political strife and was therefore seeking asylum. An asylum officer made an initial determination that Rivera-Lopez presented a reasonable and credible fear of persecution if he returned to Nicaragua—Rivera-Lopez consequently requested a reduced sentence of 18 months' imprisonment.

The government recommended a sentence of 30 months' imprisonment, in the middle of the Sentencing Guidelines range. The district court then imposed the government's requested sentence, citing Rivera-Lopez's criminal history and

illegal entries as justification, while also acknowledging the merits of his potential claim for asylum.  Rivera-Lopez now appeals that sentence as substantively unreasonable, arguing that the district court inadequately considered his asylum claim.

## II

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2)(A)–(C).  Additionally, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the applicable Sentencing Guidelines range.  *Id.* § 3553(a)(1), (4).  When a district court considers the § 3553(a) factors, it need not "state on the record that

it has explicitly considered each" factor or discuss the role each played in the sentencing decision. *Talley*, 431 F.3d at 786 (citation omitted). Rather, we have held that "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." *Id.*

The weight given to any § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (citation omitted). We will remand for resentencing only if we are definitively and firmly convinced "that the district court committed a clear error of judgment" and reached a sentence lying "outside the range of reasonable sentences dictated by the facts of the case." *Id.* (citation omitted). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).

The sentencing court's findings of fact "may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). While "we do not automatically presume a sentence within the guidelines range is reasonable, we"

generally expect such a sentence to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quoting *Talley*, 431 F.3d at 788).

Here, the district court did not abuse its discretion by imposing a 30-month sentence. The sentence was in the middle of the Sentencing Guidelines range, and the district court adequately considered and weighed Rivera-Lopez's potential political asylum claim, his prior illegal reentries and felony convictions, and other relevant factors in choosing the sentence. The district court had the discretion to give greater weight to Rivera-Lopez's reentries and convictions than to his asylum claim. The sentence, therefore, was substantively reasonable.

**AFFIRMED.**