[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10706
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00330-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS JAMAEL HILL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 1, 2019)

Before MARCUS, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Hill appeals his 78-month prison sentence for being a felon in possession of a firearm.  On appeal, Hill argues that his sentence, which included a

seven-month upward variance, was substantively unreasonable because the court placed too much weight on his criminal history.  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision that is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).

A sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  Pugh, 515 F.3d at 1191-92.  However, a sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  Id. at 1192.  "[W]e will

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

One of the reasons district courts are given wide discretion in sentencing is "their experience in handling criminal cases."  United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (noting that a district court is not required to rely on "empirical studies and ignore what they have learned from similar cases over the years.").  Further, when a defendant is "just a step or two away from violent crime," the "public should not have to wait until [the defendant] takes those last steps before the district court can provide it with the maximum protection the law allows."  Id. at 1241.  In Shaw, the defendant, who had an "extensive criminal history," possessed a loaded pistol, "with its hammer back in firing position," while speeding in a car. Id. at 1232.  He pled guilty to a § 922(g)(1) charge with a base offense level of 14 and the district court varied upward from a 37-month guideline sentence to a

3

statutory maximum sentence of 120 months. Id. The district court relied heavily on the § 3553(a) factors and varied upward to "protect the public" from the defendant's "further crimes." Id. at 1237 (quotations omitted). We held that the district court's statutory maximum sentence was substantively reasonable because the defendant's "latest crime only accentuate[d] the need to protect society from him." Id. at 1241.

If the court varied from the guideline range after weighing the § 3553(a) factors, we "may not presume that [the] sentence . . . is unreasonable and must give due deference to the district court's decision . . . ." Irey, 612 F.3d at 1187 (quotation omitted). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). A district court need not discuss each § 3553(a) factor individually if it acknowledges, generally, that it considered the "defendant's arguments and the § 3553(a) factors." Id. The sentencing court may base its findings of fact on facts admitted by a defendant's guilty plea, undisputed statements in the presentence investigation report, or evidence presented at the sentencing hearing. United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989). Finally, the party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Hill has not shown that the district court's imposition of a 78-month sentence was substantively unreasonable. For starters, the district court did not need

to explicitly address each § 3553(a) factor because it said that it had considered the § 3553(a) factors and had determined that a 78-month sentence was necessary to achieve the goals of sentencing.  Gonzalez, 550 F.3d at 1324.  In any event, the record reveals that the district court did more than that, beginning with a discussion of Hill's positive mitigating factors, including his potential and the good things he had done in the past.

The district court also emphasized Hill's criminal record -- which included "about 12 convictions in the last [10] years," 6 of which were felonies.  As the district court summarized, Hill's probation had been revoked three times; he had four instances of violence in his record; he had four pending cases at the time of the instant arrest, which was the second time he was arrested for a gun violation; he had fled from the cops; and he had assaulted a police officer in a previous case. Moreover, his two gun-possession convictions sandwiched an admitted altercation in which he punched a man hard enough to cause his death while under the influence of illegal drugs; and the instant offense involved him acting dangerously by throwing a loaded pistol into the air while fleeing the police.  On this record, it was well within the district court's sound discretion to give substantial weight to Hill's criminal history, as well as the need to protect the general public from Hill's criminal conduct. Rosales-Bruno, 789 F.3d at 1254.  It was also well within the court's discretion, based on Hill's lengthy history of escalating criminal activity, to vary upward from

5

the guideline range by seven months.  See Shaw, 560 F.3d at 1232, 1241 (affirming an 83-month upward variance, where the defendant was speeding with a loaded and cocked pistol, observing that "[t]he public should not have to wait until [the defendant] takes those last steps before the district court can provide it with the maximum protection the law allows").  Further, to the extent the district court considered Hill's marijuana addiction, it did so only for the purposes of recommending treatment while in prison.  But even if, as Hill argues, the court considered Hill's marijuana use as compared to similar criminal defendants, it was within the court's discretion to consider "what [it has] learned from similar cases over the years."  See id. at 1238.

Finally, Hill's 78-month sentence was well below the statutory maximum penalty of 240 months' imprisonment, which is indicative of reasonableness. Gonzalez, 550 F.3d at 1324.  In short, Hill has not shown that his sentence is substantively unreasonable, and we affirm.

**AFFIRMED**.