[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12769

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OMAR JOSUE MORALES-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00073-TKW-1

_____

Before BRANCH. ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Omar Morales-Rodriguez appeals his 180-month sentence for conspiracy to distribute and possess with intent to distribute cocaine; distributing and possessing with intent to distribute cocaine and attempting to do the same; possessing cocaine with intent to distribute; and being a felon in possession of a firearm. He argues that the district court clearly erred when it determined that he qualified for an aggravating-role enhancement under U.S.S.G. § 3B1.1(b). Having reviewed the record and read the parties' briefs, we affirm Morales-Rodriguez's sentence.

## I.

We review a district court's decision to apply an aggravating-role adjustment under § 3B1.1(b) for clear error. *United States v. Sosa*, 777 F.3d 1279, 1300 (11th Cir. 2015). A trial court does not commit clear error when its decision is based on a permissible view of the evidence. *See United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999).

## II.

When a defendant challenges one of the factual bases of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). The sentencing court may base its findings on "evidence heard during trial, facts

admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

The Sentencing Guidelines provide for a three-level increase "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). A defendant need only manage or supervise one other participant in the criminal activity for the increase to apply. *Sosa*, 777 F.3d at 1301. "[T]here must be evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity." *Martinez*, 584 F.3d at 1026. A participant is criminally responsible for the offense, even if they have not been convicted. *Sosa*, 777 F.3d at 1301.

The commentary to U.S.S.G. §3B1.1(b) provides several factors that courts should consider in determining whether a defendant had a leadership and organizational role or mere management or supervision. Those factors include, among others, the defendant's exercise of decision-making authority, the recruitment of accomplices, the claimed right to a larger share of the "fruits of the crime," the degree of the participation in the planning or organizing of the offense, and the degree of control and authority exercised over others involved in the offense. U.S.S.G. § 3B1.1, comment. (n.4). "There is no requirement that all the considerations have to be present in any one case." *United States v. Ramirez*, 426 F.3d 1344,

1356 (11th Cir. 2005).  Rather, "these factors are merely considerations for the sentencing judge, who makes the factual determinations for the applicability of the § 3B.1 enhancement on a case-by-case basis." *Id.*

## III.

We conclude that the district court did not commit clear error because the evidence supported the conclusion that Morales-Rodriguez exercised control over at least one other person and the criminal activity involved five or more people.  The record demonstrates that Morales-Rodriguez recruited, instructed, and managed multiple individuals to have packages delivered to them in exchange for cash or drugs.  He instructed the individuals to provide their addresses for the shipments, and he directed his co-conspirators in Puerto Rico to ship the packages of cocaine to these addresses.  As such, Morales-Rodriguez managed the deliveries of the cocaine, directed his co-defendants and other individuals to accept and retrieve the packages, and instructed them to deliver the packages to his wife or himself.

At the sentencing hearing, the government provided statements from the confidential source and the co-defendants to corroborate the criminal activity.  The government also presented evidence that authorities recovered small quantities of cocaine from the co-defendants following traffic stops authorities conducted after the co-defendants met with Morales-Rodriguez.  The evidence also showed that Morales-Rodriguez was the only participant the authorities stopped who had one kilogram of cocaine in his

possession. Based on the totality of the evidence, we conclude that the district court did not err in applying the enhancement because the evidence was sufficient to support the three-level enhancement.

Accordingly, for the aforementioned reasons, we affirm Morales-Rodriguez's 180-month sentence.

**AFFIRMED.**