[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15329
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00100-WKW-CSC-16

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD DUCKWORTH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 17, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Duckworth appeals his 14-month sentence, imposed after pleading guilty to one count of conspiracy to sponsor, exhibit, buy, sell, possess, train, or transport a dog for participation in an animal fighting venture, in violation of 18 U.S.C. § 371 and 7 U.S.C. § 2156(b).  On appeal, he argues that the district court erred in (1) applying a base offense level of 12 under U.S.S.G. § 2E3.1(a)(1) rather than 10 under U.S.S.G. § 2E3.1(a)(2); and (2) not applying a minor or minimal role reduction under U.S.S.G. § 3B1.2.  After consideration of the parties' briefs and review of the record, we find that the district court did not err in either decision.  Accordingly, we affirm Duckworth's sentence.[1]

## I.

Duckworth first argues that he should have been assigned a base offense level of 10, under U.S.S.G. §2E3.1(a)(2), instead of the level of 12 that he was assigned, under U.S.S.G. § 2E3.1(a)(1).  We review a district court's factual findings for clear error, and its application of the Guidelines to those facts is reviewed de novo.  *See United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015).  "'The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing

---

[1] Although Duckworth was released from federal imprisonment on May 1, 2015, he is currently serving his term of supervised release, "which is part of his sentence and involves some restrictions upon his liberty." *Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995).  Thus, his appeal is not moot.  *See id.*

hearing.'"  *United States v. Caraballo*, 595 F.3d 1214, 1232 (11th Cir. 2010)

(quoting *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989)).

"'Offense' means the offense of conviction and all relevant conduct under

§ 1B1.3 . . . unless a different meaning is specified or is otherwise clear from the

context."  U.S.S.G. § 1B1.1 cmt. n.1(H).  The base offense level is determined on

the bases of "all acts and omissions committed, aided, abetted, counseled,

commanded, induced, procured, or willfully caused by the defendant," and, "in the

case of a jointly undertaken criminal activity . . . , all reasonably foreseeable acts

and omissions of others in furtherance of the jointly undertaken criminal activity."

U.S.S.G. § 1B1.3(a)(1)(A)–B.

Under § 2E3.1(a) ("Gambling Offenses; Animal Fighting Offenses"), the

base offense level is:

> (1) 12, if the offense was (A) engaging in a gambling business;
> (B) transmission of wagering information; or (C) committed as part
> of, or to facilitate, a commercial gambling operation; or
> (2) 10, if the offense involved an animal fighting venture.

*Id*. § 2E3.1(a)(1)–(2).  An "animal fighting venture" is defined as "any event, in or

affecting interstate or foreign commerce, that involves a fight conducted or to be

conducted between at least 2 animals for purposes of sport, wagering, or

entertainment."  7 U.S.C. § 2156(g); *see* U.S.S.G. § 2E3.1 cmt. n.1.

As an initial matter, we find that the district court did not clearly err in

determining that Duckworth was involved beyond just the April 7, 2012 fight in

3

which he admitted participating.  Evidence existed that Duckworth refereed fights, fought dogs in other fights, and trained dogs.  In addition, Duckworth was known by other participants as being involved in the dog fighting circuit.  Furthermore, the district court did not clearly err in finding that the gambling activities of the other codefendants (the facts of which are not contested here) were reasonably foreseeable to Duckworth.  *See* U.S.S.G. § 1B1.3(a)(1)(B) (stating that the base offense level in jointly undertaken criminal activity includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity").

Accordingly, based on these facts, the district court did not err in applying the base level of 12 under § 2E3.1(a)(1).  Looking to the plain language of the guideline, the gambling activities of Duckworth's co-conspirators fit within "engaging in a gambling business" or "a commercial gambling operation."  *See* U.S.S.G. § 2E3.1(a)(1).  Although Duckworth argues that dog fighting is quintessentially economic, the guideline definition of animal fighting is broader and can include fights for sport or entertainment, not just those for wagering.  *See* 7 U.S.C. § 2156(g); U.S.S.G. § 2E3.1 cmt. n.1.

While Duckworth also argues that the statutory definition of "gambling business" as found in 18 U.S.C. 1955(b)(1) should apply, there is no cross-reference in the guideline (unlike for animal fighting) and, therefore, we look to the

4

plain language of gambling.  *See United States v. Cruz*, 713 F.3d 600, 607 (11th Cir. 2013) ("When interpreting the Guidelines, a guideline's meaning is derived first from its plain language and, absent ambiguity, no additional inquiry is necessary." (internal quotation marks omitted)).  However, even if we were to apply the § 1955 definition, Duckworth's offense qualifies—it was illegal, involved 5 or more people, and grossed far more than $2,000 in a single day.  *See* 18 U.S.C. 1955(b)(1).  Thus, we do not find that the district court erred in assigning Duckworth a base offense level of 12.

## II.

Duckworth next argues that the district court should have applied a minor or minimal role reduction under U.S.S.G. § 3B1.2.  A district court's determination of a defendant's role in an offense is a finding of fact that we review for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  "[T]he district court has considerable discretion in making this fact-intensive determination."  *United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002).

Under the Guidelines, a defendant may receive a reduction for having a limited role in the offense.  *See* U.S.S.G. § 3B1.2.  The defendant may receive a four-level reduction if he was a minimal participant, a two-level reduction if he was a minor participant, or a three-level reduction if he was somewhere between a

minimal and minor participant. *Id*. The determination of whether to apply a mitigating role adjustment "is heavily dependent upon the facts of the particular case." *Id*. § 3B1.2 cmt. n.3(C). "The defendant has the burden of establishing his role in the offense by a preponderance of the evidence." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006) (per curiam).

Here, the district court did not clearly err in refusing to apply a minor role reduction or a minimal role reduction. Duckworth transported a dog and fought it at a dog fight hosted by one of his codefendants on April 7, 2012. And, as mentioned above, the district court did not clearly err in finding that Duckworth also fought dogs in other dog fights, refereed fights hosted by a codefendant, received money from this codefendant to train dogs, and had trained other individuals' dogs. Duckworth also knew the scope of operations and activities of others and was known by others in the dog fighting circuit. *Cf.* U.S.S.G. § 3B1.2 cmt. n.4 (noting that minimal participation may be indicated by a defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others").

In light of these activities, it was not clearly erroneous to find that Duckworth was not substantially less culpable than or plainly among the least culpable of the other participants, even excluding those individuals who only attended the dog fights. *See De Varon*, 175 F.3d at 940; *see also* U.S.S.G. § 3B1.2

6

cmt. n.3(A).  The fact that he did not plan the fights or take wagers is not dispositive, because although his role may have been less than some of the other participants, "it is possible that none of them are minor or minimal participants." *See De Varon*, 175 F.3d at 944.  That is particularly appropriate here, where Duckworth, despite his potentially lesser culpability than some codefendants, still kept 12–15 dogs of his own, trained and fought dogs, refereed fights, and was known and discussed by other participants regarding dog fighting and gambling. Thus, Duckworth has not established his qualification for a minor role reduction by a preponderance of the evidence, and the district court did not err in finding that the reduction did not apply.  *See Alvarez-Coria*, 447 F.3d at 1343.

Accordingly, we affirm Duckworth's sentence.

**AFFIRMED.**