[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14072
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00263-WTM-GRS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE WILLIAMS,
a.k.a. TY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 23, 2019)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tyrone Williams appeals his 160-month sentence for distribution of heroin. Williams argues that his mid-range sentence was procedurally unreasonable because the district court improperly calculated the quantity of drugs he distributed. He also argues that his sentence was substantively unreasonable because the district court placed too much weight on his criminal history, resulting in unwarranted disparity between his sentence and his codefendants' sentences. We disagree and affirm.

I.

A grand jury indicted Williams and five others on various drug crimes.[1] Williams pleaded guilty to distribution of heroin pursuant to a written plea agreement.

According to the presentence investigation report (PSI), Williams sold 3.003 grams of crack cocaine to a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) confidential informant. In a separate sale, Williams sold the informant 1.06 grams of heroin. When ATF agents arrested Williams, he had 0.80 grams of marijuana. After converting the total quantity of all three drugs to the marijuana equivalent, Williams was responsible for the equivalent of 11.77 kilograms of marijuana.

---

[1] The indictment charged Williams with conspiracy to possess with intent to distribute and conspiracy to distribute several controlled substances under 21 U.S.C. § 846 and 18 U.S.C § 2; distribution of crack cocaine and heroin under 21 U.S.C. § 841(a)(1); and possession of marijuana under 21 U.S.C. § 844(a).

The probation officer applied a base offense level of 14 based on the drug quantity—11.77 kilograms of marijuana.  *See* U.S.S.G. § 2D1.1(c)(13).  Because Williams had at least two prior felony convictions for controlled substance offenses, he was categorized as a "career offender," which increased his base offense level to 32.  Williams received a three-level reduction under § 3E1.1(a) and (b) for acceptance of responsibility, resulting in a total offense level of 29.  Williams was a career offender because he had 18 prior felony convictions, 9 of which involved possession or distribution of controlled substances.  Even without career offender status, Williams had 23 criminal history points, including 2 points for committing the instant offense while on probation.  Both Williams' criminal history and his status as a career offender thus independently established a criminal history category of VI.

Based on a total offense level of 29 and a criminal history category of VI, the guideline range was 151 to 188 months' imprisonment.  For an individual with two or more prior felony-controlled-substance convictions, the statutory maximum sentence is 20 years' imprisonment.  21 U.S.C. §§ 841(a)(1), (b)(1)(C).

Williams objected to the PSI's calculation of his criminal history points, arguing that convictions from three of his arrests stemmed from a single case and should not be considered because they occurred over fifteen years ago.  The district court overruled his objections and adopted the PSI's factual statements and

3

advisory sentencing guideline calculations. The court acknowledged that Williams' total offense level was 29 with a criminal history category of VI, resulting in a guideline range of 151 to 188 months' imprisonment. The court sentenced Williams to 160 months' imprisonment and three years' supervised release. In doing so, the court noted that it considered the statements of the parties, the PSI, and the 18 U.S.C. § 3553(a) factors. The court specifically discussed two of the § 3553(a) factors: (1) that Williams was on probation at the time of the offense and (2) Williams' criminal history, which spanned 26 years and resulted in 18 adult criminal convictions. The court also noted that this was Williams' tenth conviction involving controlled substances and that some of his earlier convictions involved both controlled substances and firearms. Williams did not object to the sentence, but now appeals.

## II.

Williams first argues that his sentence was procedurally unreasonable because the district court inflated his guideline score by improperly calculating the quantity of heroin he distributed. According to Williams, his sentence should only account for 3.68 kilograms of marijuana because he only sold 3.68 grams of heroin.[2] He also contends that the district court improperly included alternate quantities of THC oil, which inflated the total drug quantity to 319.932 kilograms

---

[2] According to the PSI, Williams sold 1.06 grams of heroin.

4

of marijuana.[3]  Williams argues that his base offense level should have therefore been 10, not 24.[4]

A sentence is procedurally unreasonable if the district court miscalculated the guideline range or selected the sentence using "clearly erroneous facts." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  A defendant's "failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."  *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (citing *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005)).  We review a sentence for harmless error when the district court would impose the same sentence regardless of the perceived error.  *See Williams v. United States*, 503 U.S. 193, 203 (1992).

Because Williams did not object to the drug quantity or the offense level calculation in the PSI, we review his procedural reasonableness challenge for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (noting that we review unpreserved challenges to procedural reasonableness for plain error).  To establish plain error, a defendant must show (1) that there was an error; (2) the error was plain, and (3) the error affected his substantial rights.  *Id.* Williams failed to make such a showing.  His allegation that the district court

---

[3] This is incorrect.  The PSI credited Williams with a total quantity of 11.77 kilograms of marijuana.

[4] Williams' base offense level was 14, not 24.

5

miscalculated the quantity of heroin and inflated it to 319 kilograms is unsupported by the record; the PSI determined that he was responsible for 11.77 kilograms of marijuana with an initial base offense level of 14, and did not refer to 319 kilograms or THC oil.  Further, Williams did not object to the drug quantity calculations, which effectively admitted those facts for sentencing purposes.  *See Wade*, 458 F.3d at 1277.  Finally, even if the district court had miscalculated the quantity of drugs, this was harmless error because Williams' offense level was ultimately determined by his status as a career offender, not by the drug quantity.  Accordingly, Williams failed to show that the district court committed plain error.  Williams' 160-month sentence was procedurally reasonable.

III.

Williams next argues that his sentence is substantively unreasonable because the district court ignored mitigating § 3553(a) factors and placed too much emphasis on his criminal history.  He also argues that this mistaken emphasis on criminal history resulted in a disproportionate sentence in relation to his codefendants.

"We review the substantive reasonableness of a sentence for an abuse of discretion."  *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016).  The weight given to any 18 U.S.C. § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743

(11th Cir. 2007).  The sentencing court may base its findings of fact on admissions in a defendant's guilty plea, undisputed statements in the PSI report, or evidence presented at the sentencing hearing.  *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).  The district court does not abuse its discretion when it gives substantial weight to a § 3553(a) factor if the sentence "was necessary to achieve the goals of sentencing."  *Osorio-Moreno*, 814 F.3d at 1287.  The defendant bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

Additionally, a district court must consider the need to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  But disparity does not exist if the defendant and his codefendants are not "similarly situated," *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009), and defendants with different criminal histories are not similarly situated, *United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009).

Finally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence imposed well below the statutory maximum penalty is another indicator of a

7

reasonable sentence.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

The district court's imposition of a 160-month sentence was substantively reasonable.  The court stated that it considered the § 3553(a) factors and determined that a 160-month sentence was necessary to achieve the goals of sentencing.  Specifically, the court emphasized that Williams had a 26-year criminal history with 18 prior convictions, several of which involved controlled substances.  *See, e.g.*, *Osorio-Moreno*, 814 F.3d at 1288 (holding that a sentence was reasonable where the district court imposed a statutory maximum penalty because of the defendant's 20 prior convictions).  It was within the sound discretion of the district court to give substantial weight to such a lengthy criminal history.  *See Clay*, 483 F.3d at 743; *Osorio-Moreno*, 814 F.3d at 1288.

The district court also did not create unwarranted sentencing disparities between Williams and his codefendants by sentencing Williams to 160 months.  None of Williams' codefendants that received lesser sentences were similarly situated because they (1) pleaded guilty to different offenses, (2) had different criminal histories; and (3) had different guideline ranges.  *Docampo*, 573 F.3d at 1101; *Spoerke*, 568 F.3d at 1252.

8

Finally, the sentence was within the guideline range and well below the statutory maximum of 240 months' imprisonment, which indicates reasonableness. *Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324.  The district court did not abuse its discretion because the 160-month sentence was substantively reasonable. Accordingly, we affirm.

**AFFIRMED.**