[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13055
Non-Argument Calendar
_____

D.C. Docket No. 7:18-cr-00623-LSC-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAEARLTON QUARTEZ PEEBLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 16, 2020)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Laearlton Peebles is a federal prisoner serving a 64-month sentence for

unlawful possession of a firearm.  He appeals his sentence, arguing that the district

court procedurally erred and imposed a substantively unreasonable sentence. After careful review, and for the reasons that follow, we affirm.

## I.

In April 2019, Peebles pled guilty to one count of unlawful possession of a firearm—a Ruger .380 caliber pistol and a Browning Arms Company .22 caliber rifle—after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).

Peebles's presentence investigation report ("PSR") described his offense and relevant conduct as follows. In September 2018, law-enforcement officers received information that Peebles was in possession of a pistol, and they determined that he had prior felony convictions and an outstanding arrest warrant. So on September 28, 2018, officers went to Peebles's apartment and arrested him just inside his front door. The Ruger pistol was in plain view on a kitchen table. Peebles then provided consent to search the apartment and spoke to officers after waiving his *Miranda*[1] rights. A search of the apartment revealed ammunition, approximately 12 grams of marijuana in a black bag, and the Browning rifle. Additional ammunition was found in Peebles's car. Peebles stated that he knew he was not supposed to possess a firearm, that he sold marijuana only to fund his habit, and that he had purchased marijuana in one big bag and broke it down into smaller bags.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Based on these events, a federal grand jury returned an indictment against Peebles, and the court issued an arrest warrant. Federal agents planned to execute the arrest warrant in February 2019. The morning of the planned arrest, they conducted surveillance outside Peebles's apartment and observed Peebles go in and out of his apartment and conduct at least two hand-to-hand exchanges with other individuals. The agents then went to Peebles's door and announced themselves. Several people were inside the apartment. An agent saw Peebles open the refrigerator and place something inside. The agents arrested Peebles, who had $582 on him, and searched the refrigerator, which contained approximately 11 grams of marijuana in "multiple bags, packaged for sale," and a Smith & Wesson 9mm pistol. The pistol was still warm to the touch, indicating that it had recently been handled.

The PSR recommended a guideline imprisonment range of 57 to 71 months based on a total offense level of 23 and a criminal-history category of III. In calculating the offense level, the PSR set the base offense level at 20 because Peebles had a prior controlled-substance offense. *See* U.S.S.G. § 2K2.1(a)(4)(A). The PSR then added two levels because Peebles possessed three to seven firearms, *see id.* § 2K2.1(b)(1)(A), and four levels because he possessed a firearm in connection with another felony offense, *see id.* § 2K2.1(b)(6)(B). Finally, the PSR applied a three-level reduction for acceptance of responsibility. *See id.* § 3E1.1.

3

Peebles did not file any objections, and the district court adopted the PSR at sentencing. Peebles requested a sentence of 57 months, at the low end of the guideline range. Peebles also personally addressed the court, accepted responsibility for his conduct, and stated that he possessed the firearms only to protect himself from someone who planned to kill him. The government recommended a sentence of 64 months, pointing out that, despite his arrest in September 2018, Peebles possessed another gun and dealt drugs out of his apartment in February 2019.

The district court advised that it was "going to go with the government's recommendation of 64 months because [he] had a third gun." Speaking directly to Peebles, the court stated,

> You can't have a firearm. And you don't need to be dealing drugs. What is going to happen is you probably had that gun on you, that's why you ran inside, although I am not considering that . . . to be true because I don't know that. But if you do have a gun on you dealing drugs, obviously you could also be charged with [an offense under 18 U.S.C. § 924(c)(1)(A)] which would get you a lot more time. Do you understand what I am saying?

Peebles said that he did, and the court responded that it was "just trying to stop you from going this down the road." After the court imposed the 64-month sentence, Peebles did not offer any objections. He now appeals.

## II.

In reviewing a sentence, we ensure that the sentence is both free from significant procedural error and substantively reasonable. *Gall v. United States*, 552

U.S. 38, 51 (2007).   Significant procedural errors include failing to properly calculate the guideline range, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, selecting a sentence based on clearly erroneous facts, and failing to adequately explain the chosen sentence.   *Id.*   "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## A.

Peebles argues that the district court procedurally erred in several ways.  He says that the court improperly applied the U.S.S.G. § 2K2.1(b)(6)(B) enhancement for possession in connection with another felony offense.  He also claims that the court failed to consider the § 3553(a) factors or explain the sentence.

We review these arguments for plain error because Peebles raises them for the first time on appeal.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) ("[B]ecause Vandergrift did not object to the procedural reasonableness at the time of his sentencing, we review for plain error."); *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) ("Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error.").  In any case, Peebles has not demonstrated any error, much less one that is plain.

**1.**

First, the district court properly applied the "in connection with" enhancement. Whether a firearm was possessed in connection with another felony offense is a factual finding that we review for clear error. *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019), *cert. denied*, ___ S. Ct. ___, 2020 WL 981869 (U.S. March 2, 2020). When making its factual findings at sentencing, the court may rely on "undisputed statements in the presentence report," among other evidence. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

In calculating the guideline range for a firearm possession offense under § 922(g), a four-level enhancement of the base offense level is required "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "Another felony offense," in turn, includes crimes that are "punishable by imprisonment for a term exceeding one year" under federal, state, or local law, "regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1, cmt. n.14(C). In general, a sufficient connection exists if the firearm "facilitated, or had the potential of facilitating," the other offense. *Id.* § 2K2.1, cmt. n.14(A). When the other offense is a drug-trafficking crime, "[a] firearm found in close proximity to drugs or drug-related items simply 'has'—without any requirement for additional evidence—the

6

potential to facilitate the drug offense." *United States v. Carillo-Ayala*, 713 F.3d 82, 92 (11th Cir. 2013); U.S.S.G. § 2K2.1, cmt. n.14(B).

Peebles complains that the government failed to prove "conclusively" that he possessed the marijuana with intent to distribute, arguing that the evidence is more consistent with simple possession. He further contends that the evidence fails to show that the marijuana was possessed by him, rather than someone else.

"Conclusive" proof is not required, however. Instead, the government bears the burden of proving, by a preponderance of the evidence, the facts necessary to support a challenged sentencing enhancement. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). And we may not overturn a district court's factual finding as clearly erroneous "unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016) (quotation marks omitted).

Here, the record amply supports the district court's conclusion that Peebles possessed a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). Undisputed statements in the PSR support a finding that Peebles possessed marijuana with the intent to distribute on both September 28, 2018, and February 29, 2019. *See Wilson*, 884 F.2d at 1356. In September 2018, approximately 12 grams of marijuana were found in Peebles's apartment, and he admitted to officers that he sold marijuana and had purchased marijuana in one big

bag and broke it down into smaller bags.  Then, in February 2019, federal agents saw Peebles engage in at least two hand-to-hand exchanges consistent with drug dealing and found an additional 11 grams of marijuana in a refrigerator that agents saw Peebles open as they entered the apartment.  This marijuana, according to the PSR, was in "multiple bags, packaged for sale."

Peebles's admission that he sold marijuana, combined his possession of marijuana on two occasions, some of which was packaged for sale, was sufficient to support a conclusion that Peebles possessed the marijuana with intent to distribute. And because firearms were found in close proximity to the marijuana, the firearms had the potential to facilitate the drug offense.  *See Carillo-Ayala*, 713 F.3d at 92. Accordingly, the district court did not clearly err in finding that Peebles possessed a firearm in connection with another felony offense.

## 2.

Next, the record shows that the district court adequately considered the § 3553(a) factors and explained the sentence.

At sentencing, the district court is required "to state in open court the reasons for its imposition of a particular sentence."  18 U.S.C. § 3553(c).  In doing so, the court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 357 (2007); *United*

*States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The level of detail required depends upon the circumstances of the case. *Rita*, 551 U.S. at 356. Where the court sentences within the guideline range, the circumstances may make clear that the court found that the guideline range is a reasonable sentence in a typical case and that the case before the court is typical. *Id.* at 356–57.

Moreover, although the district court is required to consider the § 3553(a) factors, "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005). No procedural error occurs where the record "reflects that the district court adequately and properly considered the § 3553(a) sentencing factors and the advisory Guidelines range." *Id.*

Here, the district court did not procedurally err. Before imposing sentence, the court adopted the PSR, which touched on a number of § 3553(a) factors, including the nature and circumstances of the offense, Peebles's history and characteristics, and the advisory guideline range. The court also listened to Peebles's argument for a sentence at the low end of the guideline range of 57 to 71 months and to the government's argument for a sentence near the middle of that range. Ultimately, the district court agreed with the government's recommendation of 64

months because, despite Peebles's arrest and unlawful possession of two guns in September 2018, he unlawfully possessed a third gun in February 2019.

These circumstances show that the district court found that the guideline range was a reasonable sentence in a typical case, that the case before the court was typical, and that the government's recommended sentence was more appropriate based on the reasons it advanced. *See Rita*, 551 U.S. at 356–57. We are satisfied that the court adequately considered the § 3553(a) factors and the parties' arguments and had a "reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 357.

**B.**

Turning to substantive reasonableness, Peebles has not shown that the district court abused its discretion by sentencing him to 64 months in prison. *See United States v. Hayes*, 762 F.3d 1300, 1307 (11th Cir. 2014) ("We review the substantive reasonableness of a sentence for abuse of discretion.").

When reviewing for substantive reasonableness, we ordinarily will vacate a sentence "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation marks omitted). Although we do not presume that a sentence

falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016). Plus, "[a] sentence imposed well below the statutory maximum penalty is another indicator of reasonableness." *Id.* at 1310.

Here, Peebles's sentence is substantively reasonable. Contrary to Peebles's claim, the district court did not place "unjustified" reliance on the theory that he was dealing drugs. As we have explained above, the record supports a finding that Peebles possessed marijuana with the intent to distribute. Accordingly, the court properly considered that factor when evaluating the § 3553(a) factors.

Nor did the district court commit a clear error of judgment in weighing the § 3553(a) factors by arriving at an unreasonable sentence based on the facts of the case. *See Irey*, 612 F.3d at 1190. While Peebles asked for a sentence at the low end of the guideline range, the court reasonably concluded that a sentence near the middle of the range was necessary in light of his unlawful possession of a third gun and marijuana in February 2019, despite his earlier arrest in September 2018. Plus, Peebles's 64-month sentence was both within his guideline range of 57 to 71 months and well below the statutory maximum sentence of 120 months, two factors that indicate that the sentence is reasonable. *See Croteau*, 819 F.3d at 1309–10. We affirm Peebles's sentence.

**AFFIRMED.**

11