[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12098
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00262-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY RICKY BIBLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 2, 2021)

Before MARTIN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Bobby Ricky Bible appeals his thirty-six-month sentence for failing to register as a sex offender and possessing a firearm as a convicted felon. He argues that his above-guideline sentence was substantively unreasonable because the district court ignored the age of his prior child molestation conviction and erroneously considered facts in his presentence investigation report about his inappropriate contact with children. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1991, Bible pleaded guilty to molesting his seven-year-old daughter. Bible was sentenced to seven years in prison and eight years of probation and was required to register as a sex offender. See 18 U.S.C. § 2250(a). Although Bible initially complied with his registration requirements, he last registered as a sex offender in 2011, and he has gone unregistered since.

In September 2019, a twelve-year-old girl told her guidance counselor that she had an uncomfortable encounter with Bible while spending the weekend with her friend. The guidance counselor told the school resource officer about the incident, and, after discovering that Bible was an unregistered sex offender, the officer alerted law enforcement.

On October 3, 2019, investigators executed a search warrant of Bible's home. They found a "fetish kit," containing lubricant, condoms, a belt, velvet gloves, a vibrator, and a life-size sex doll designed to look like a five- to six-year-old girl. In

2

the living room, they discovered a cabinet containing young girls' clothing, including shorts, shirts, small bras, and underwear. They also found a shotgun and a revolver, and elsewhere in Bible's home, they recovered three additional shotguns. In Bible's kitchen, they found bottles of cough syrup and melatonin.

The investigators then interviewed the twelve-year-old girl. The twelve-year-old said that Bible picked up her and her friend from school on Friday for a sleepover at her friend's house. The twelve-year-old thought that Bible was her friend's grandfather (he wasn't), so she was not concerned at the time and went with him. The twelve-year-old spent the night at her friend's home, and the following morning, Bible picked up the girls to take them horseback riding. The twelve-year-old rode on the same horse as Bible. But, while they were riding together, Bible started asking her "uncomfortable" questions about her sexuality, asked to braid her hair, and, at some point, began to rub her shoulders and back.

After the ride, Bible took both girls back to his home and told them to shower together. Later, the twelve-year-old said she had a sore throat because she had been "laughing and screaming all day from the ride." Bible put some whisky on his finger, and asked her to suck it off his finger, which she did. Bible then took both girls to the store and bought cough medicine. After they got back to Bible's home, he gave the girls a "double dose" of cough medicine and a melatonin pill. The girls fell asleep. The following morning, the twelve-year-old woke up and found Bible

3

watching them sleep. She pretended to be asleep until her friend woke up. The twelve-year-old then went to the bathroom to change clothes, but her friend changed in front of Bible.

Bible was charged with failing to register as a sex offender, in violation of 18 U.S.C. section 2250(a), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. section 922(g)(1). He pleaded guilty to both charges.

At the sentencing hearing, the district court adopted the findings and conclusions of the probation officer's presentence investigation report without objection. The presentence report calculated Bible's offense level as fifteen. Although the presentence report included Bible's child molestation conviction, it set his criminal history category at I because the conviction was more than fifteen years old. See U.S.S.G. § 4A1.2(e)(3). Based on a total offense level of fifteen and a criminal history category of I, the advisory guideline range was eighteen to twenty-four months' imprisonment.

Bible asked for a sentence at the low end of the guideline range because he had not been in any trouble since his prior conviction. He said he didn't know he had to register as a sex offender because a state court employee told him he didn't have to.

The district court sentenced Bible to thirty-six months' imprisonment and fifteen years of supervised release. The district court found that the guideline range

did not provide for an appropriate sentence because the law requiring Bible to register as a sex offender was clear and the nature of his prior conviction "underline[d] . . . the necessity of complying with the law." The district court explained that "the items found at [Bible's] residence indicated that [he] needed to be tracked constantly. And the fact that [he] had a firearm just add[ed] to that." The district court acknowledged that the sentence was above the guideline range but stated that it was "imposed due to the nature and circumstances of the offense and the personal characteristics" of Bible.

## STANDARD OF REVIEW

"We review the substantive reasonableness of a sentence for an abuse of discretion." United States v. Osorio-Moreno, 814 F.3d 1282, 1287 (11th Cir. 2016). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting United States v. Campa, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). Under our deferential standard of review, "we are to vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by

5

the facts of the case.'"  Id. at 1190 (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)).

**DISCUSSION**

Bible argues that his sentence is substantively unreasonable for two reasons. First, he argues that the district court improperly relied on the facts in the presentence investigation report about his inappropriate contact with the twelve-year-old girl and her friend.  Second, he argues that the totality of the circumstances—the age of his child molestation conviction and his acceptance of responsibility—makes his above-guideline sentence unreasonable.

As to his argument that the district court erroneously considered the facts in the presentence report, we have explained that "for purposes of sentencing, the district court also may base its factual findings on undisputed statements found in the [presentence report], because they are factual findings to which the defendant has assented."  United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009); see also United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989) ("The sentencing court may base its findings of fact on facts admitted by a defendant's plea of guilty, undisputed statements in the [presentence report], or evidence presented at the sentencing hearing.").  Here, the presentence report included the details of Bible's inappropriate contact with the twelve-year-old girl and her friend.  But Bible did not object to these facts in, or any part of, the presentence report.  The district court

6

adopted the presentence report as its factual findings, and it was not an abuse of discretion for the district court to rely on it, even in the absence of supporting evidence. See Beckles, 565 F.3d ("[T]he defendant's failure to object to conclusory statements in the [presentence report] renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence.").

Bible also argues that the age of his prior child molestation conviction and his acceptance of responsibility make his above-guideline sentence substantively unreasonable. We disagree.

When reviewing the substantive reasonableness of a sentence, we consider "the totality of the circumstances, including . . . whether the statutory factors in [section] 3553(a) support the sentence in question." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a). The weight given to each factor is "a matter committed to the sound discretion of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008).

Here, the district court did not abuse its discretion by imposing an above-guideline sentence. The district court heard that Bible received inaccurate information about his registration requirement, that he accepted responsibility, and

that his child molestation conviction was from 1991. The district court also heard Bible's personal statement. Even so, after hearing his arguments, the district court's determination that the "nature and circumstances" of Bible's offenses and his history warranted an above-guideline sentence was not unreasonable.

First, the prior conviction that required Bible to register as a sex offender was serious and alarming: he molested his seven-year-old daughter. Second, Bible's failure-to-register as a sex offender was ongoing and long-lasting: for eight years he failed to register, and his child molestation conviction was unknown to law enforcement and the community. Third, Bible's failure-to-register put children in his community at risk. He was still attracted to children as shown by the five-year-old replica sex doll, children's clothes, and fetish kit found during the search of his home. And Bible was only caught because he inappropriately touched and groomed a twelve-year-old girl and her friend to the point that it made the girl uncomfortable and caused her to alert the authorities. Fourth, although his thirty-six-month sentence was a variance from the top of his advisory guideline range, it fell well short of the ten-year statutory maximum sentence authorized by Congress. 18 U.S.C. §§ 924(a)(2), 2250(a); see Gonzalez, 550 F.3d at 1324 (holding that the district court's sentence was reasonable in part because it was well below the statutory maximum sentence).

8

Together, these facts support the district court's decision to impose an upward variance after considering the factors in section 3553(a). The district court did not "fail to afford consideration to relevant factors," consider "an improper or irrelevant factor," or "commit a clear error of judgment in considering the proper factors." See Irey, 612 F.3d at 1190. Thus, we are not left with a "definite and firm conviction that the district court committed a clear error of judgment." Id. For these reasons, we **AFFIRM.**