**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12616

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORGE LUIS ROSALES-RENTERIA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00010-CEM-EJK-1

_____

Before  JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Luis Rosales-Renteria appeals his 36-month imprisonment for illegal reentry.  He argues that the district court abused its discretion in denying him a continuance of the sentencing hearing because his counsel did not have sufficient time to meet with him and discuss the new state criminal charges brought against him based on conduct occurring while he was awaiting sentencing. Rosales-Renteria also argues that his 36-month sentence, which was an upward variance from the guideline range of 10-16 months, is substantively unreasonable because this was a mine-run illegal reentry case and the court did not justify the need to deviate above the guideline range aside from its consideration of his new pending criminal charges.

## I.

We review a district court's denial for a motion to continue sentencing for abuse of discretion. *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007).  The defendant has the burden to demonstrate that the denial was an abuse of discretion and that it produced specific substantial prejudice. *United States v. Smith*, 757 F.2d 1161, 1166 (11th Cir. 1985) (quotation marks omitted).  In determining whether the denial of a motion for continuance was proper, we must consider the circumstances presented, focusing upon the reasons for the continuance offered to the court when the request was denied. *Edouard*, 485 F.3d at 1350. We consider factors such: (1) the time available for preparation, (2) the likelihood of

prejudice from the denial, (3) the accused's role in shortening the effective preparation time, (4) the case's complexity, and (5) the available discovery. *Id.*

Here, we cannot conclude that the district court abused its discretion by denying Rosales-Renteria's motion to continue. As to the timing for preparation factor, Rosales-Renteria's counsel stated that he only met with Rosales-Renteria and an interpreter one day before sentencing because he was in state custody. However, this factor does not lean in his favor overall. On June 17, 2024, which was six weeks before the scheduled second day of sentencing, the government moved to revoke his bond because of the June 4 incident.[1] His counsel admitted to knowing the probation office's policy and practice to include arrests that occur while the sentence is pending, and the probation officer did include this information in the amended PSI on July 17, 2024. *Edouard*, 485 F.3d at 1350. Even though counsel did not have the opportunity to meet with Rosales-Renteria until shortly before the second day of sentencing and gather more information from him regarding the June 4 incident, counsel was on notice as of June 15 regarding the incident and had reason to believe that it would be relevant to sentencing. Rosales-Renteria's counsel had well over a month to file a motion seeking a continuance prior to the hearing on July 29, 2024, to have

---

[1] On June 15, 2024, Rosales-Renteria was arrested on state charges of assault and battery and child abuse. On June 17, 2024, the government moved to revoke his bond because of this incident. The continued sentencing hearing was scheduled for July 29, 2024.

more time to meet with Rosales-Renteria and gather information regarding the incident but failed to do so. *Id.* And counsel could have included in such a pre-hearing motion that a continuance would be unnecessary if the court did not intend to consider the new conduct at sentencing; rather, he waited to request a continuance until the rescheduled hearing itself.

As to whether Rosales-Renteria was prejudiced by the court's denial of a continuance, the court admitted that its consideration of the underlying conduct in the pending criminal case did lead it to the upward variance sentence of 36 months when it otherwise, without consideration of such conduct, would have imposed a sentence of 16 months. *Id.* However, as to the question of whether the denial of a continuance specifically prejudiced him, Rosales-Renteria only requested the continuance to obtain the juvenile records of the stepson for challenging the credibility of his account of the June 4 incident. Rosales-Renteria did not indicate that he knew the contents of the stepson's juvenile record and instead only speculated that the record might prove to be useful for the court to show the stepson as "very troubled and very angry at the defendant." Rosales-Renteria's request for a continuance based solely on his seeking speculative evidence, without any other indication of other evidence he would have obtained if granted a continuance, weakens his contention that the denial for a continuance caused him specific substantial prejudice. This is further weakened by the fact that the stepson's older sister's witness account corroborated the stepson's account. Additionally, the conflicting accounts by Rosales-Renteria and his wife, Rosales, regarding the

damage to the minivan's passenger window supported the court's determination that the government's evidence of the incident was credible. Rosales-Renteria stated to police that the minivan's window broke because he fell and his head hit it, while Rosales stated in contrast that the minivan's window was never damaged. Other witnesses indicated that Rosales-Renteria had punched the window out, and the police noticed that the other windows were tinted but that passenger window was not.

Thus, in consideration of all factors and circumstances, Rosales-Renteria has not shown, and we cannot conclude, that the district court abused its discretion in denying his motion for a continuance. Accordingly, we affirm as to this claim.

## II.

When reviewing for substantive reasonableness, we consider the totality of the circumstances and whether the sentence achieves the statutory sentencing purposes stated in 18 U.S.C. § 3553(a) under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence has the burden of showing that the sentence is unreasonable based on the facts of the case, the 18 U.S.C. § 3553(a) factors, and the deference owed the sentencing court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide punishment for the

offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range and any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *Rosales-Bruno*, 789 F.3d at 1254. "[S]ignificant reliance on a single factor does not necessarily render a sentence unreasonable," *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) but a court's "unjustified reliance upon any one § 3553(a) factor is a symptom of an unreasonable sentence," *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (citation modified). The district court is not required to state on the record that it has explicitly considered each § 3553(a) factor or to discuss each of the § 3553(a) factors. *Kuhlman*, 711 F.3d at 1326. An acknowledgement by the district court that it considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

We will not substitute our own judgment for that of the sentencing court and will sometimes affirm the district court even if we would have done something differently because the question is whether the district court's decision was "in the ballpark of permissible outcomes." *Rosales-Bruno*, 789 F.3d at 1257 (quotation marks

omitted). We will vacate a defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (quotation marks omitted). The district court is deemed to have abused its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

If the district court imposes a sentence outside the guideline range, "[we] may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation marks omitted). Further, district courts have wide discretion to decide whether the § 3553(a) factors justify varying from the guideline range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 593 U.S. 374 (2021). The court may impose an upward variance if it concludes the guideline range was insufficient in light of a defendant's criminal history. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009). The district court may also "consider facts that were taken into account when formulating the guideline range for the sake of a variance." *United States v. Dougherty*, 754 F.3d 1353,

1361 (11th Cir. 2014).  Conduct that did not yield a conviction can serve as the basis of an upward variance because it relates to sentencing factors such as the history and characteristics of the defendant, respect for the law, adequate deterrence, and protection of the public. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

The sentencing court's factual findings may be based upon evidence heard during trial, facts admitted by the defendant's guilty plea, undisputed statements in the presentence investigation report, or evidence presented at the sentencing hearing. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989).

"Heartland" or "mine run" cases are "typical cases embodying the conduct described in the applicable guideline." *See United States v. Hoffer*, 129 F.3d 1196, 1200 (11th Cir. 1997).  Sentences outside the guideline range are not presumptively unreasonable, but major upward variances require more significant justifications than minor ones. *United States v. Grushko*, 50 F.4th 1, 20 (11th Cir. 2022).  "That an upward variance sentence is well below the statutory maximum indicates that it is reasonable." *United States v. Riley*, 995 F.3d 1272, 1274, 1278 (11th Cir. 2021) (quotation marks omitted) (examining the reasonableness of a 70-month sentence when the guideline range was 12 to 18 months' imprisonment and the statutory maximum sentence was 10 years).

Here, the court's upward-variance sentence of 36 months was not substantively unreasonable because the court justified the need to deviate above the guidelines.  The court's use of the PSI, charging affidavit, and other evidence presented at the sentencing

hearing was proper because it made factual findings of the credibility of the government's presented evidence regarding the pending criminal charges. *Wilson*, 884 F.2d at 1356. The court stated that it based the sentence on his pending criminal charge, the advisory sentencing guidelines, and the § 3553(a) factors, which it was permitted to do. *Turner*, 474 F.3d at 1270-71, 1281. The sentence was within the range of reasonable sentences given that Rosales-Renteria had been deported five times, failed to adhere to probation, failed to comply with pretrial release while sentencing was ongoing for a federal offense, and had a pending state criminal case involving a minor in his household and a prior felony conviction for illegal reentry. *Rosales-Bruno*, 789 F.3d at 1257; *Trailer*, 827 F.3d at 936.

Although the upward variance was fairly significant, we cannot conclude that the court abused its discretion when weighing the pending criminal charge and other factors because the sentence achieved the statutory sentencing purposes stated in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the illegal reentry, promote the respect for the law, provide punishment for the offense, and deter future illegal reentries and criminal conduct. *Rodriguez*, 628 F.3d at 1264; *Butler*, 39 F.4th at 1355; *Kuhlman*, 711 F.3d at 1327. Specifically, Rosales-Renteria incurred the pending state criminal charge when he was still awaiting his federal sentence during pretrial release, so the upward-variance sentence promoted respect for the law and provided punishment for that conduct. *Butler*, 39 F.4th at 1355. Additionally, Rosales-Renteria's past sentences for illegal reentry were 10 days, 105 days, and 5 months

and 11 days, and such sentences did not deter him from reentering illegally, so the imposed sentence reflected the seriousness of the illegal reentry after five removals, promoted respect of the law, and deterred him from future illegal reentries. *Butler*, 39 F.4th at 1355.

And while Rosales-Renteria contends that this was a "mine run" illegal reentry case, the court did not view it as such because of the factual findings, including those based on the pending criminal charge. The court provided sufficient justification for imposing an upward-variance sentence based on Rosales-Renteria's pending state criminal charges of simple assault and child abuse and great bodily harm and battery. *Grushko*, 50 F.4th at 20. The seriousness of the listed pending charge involving a minor in his household as well as other facts stemming from the incident, such as the stepson stating his mother appeared with bruises under her eyes and the family's minivan passenger window was damaged after the incident, justified the court's upward variance. *Id.* For the above reasons, the court provided sufficient justification for the need to impose its upward-variance sentence of 36 months' sentence, and the court's sentence is not greater than necessary to accomplish the statutory purposes of sentencing. *Rodriguez*, 628 F.3d at 1264. Also, the sentence of 36 months' imprisonment was well below the statutory maximum of 10 years, which is another indication of substantive reasonableness. *Dougherty*, 754 F.3d at 1364.

Based on the foregoing, the court did not abuse its discretion by giving weight to the pending criminal state charge and varying

24-11540              Opinion of the Court              11

upward from the guideline range to a sentence of 36 months' imprisonment.

**AFFIRMED.**